Sewall, J.
Since the important alteration in the forms of policies of insurance, by omitting the words once so appropriate as to be printed in the blank forms, purporting that the assurance availed to all concerned in interest by whom the policy had been authorized, several cases have happened, where policies, probably intended by the party assured to avail for all concerned in interest, have been restricted to the party named, to the severe disappointment of his partners or employers. This seems, however, to be the necessary construction of the forms of policies now in the most frequent use with us. Until this alteration shall be better understood, or more regarded, there will be danger that the misapprehension or neglect of the broker, or party effecting a policy, in naming and describing the party proposed to be assured, may operate to defeat the assurance in whole or in part. And from mistakes of this kind, cases of return premium may arise : several cases of defences against losses have already arisen. It may be presumed that the * fair intentions of the parties to the instrument, or of [ * 84 ] one of them at least, are, in all cases of this kind, avoided *70 by verbal omissions or mistakes. Against these, however, no remedy can be afforded, while the instrument itself is regarded as the best, and for this purpose it must be understood to be the only evidence of the contract. No case can, I believe, be imagined, where the maxim expressio unius est exclusio alterius applies more emphatically than in the naming of the party assured in a policy of insurance ; especially when the contract is so carefully guarded against the case of an over-insurance, or a single subscription, or fraction of a subscription, exceeding the property at risk. Over-insurances are no longer with us, either for the return of premiums, or payment of losses, cases of contribution. Each policy and underwriter, where there are several upon one risk, is distinguished as engaged in a separate concern ; and the liability of the insurer depends upon the order of time in which the policies or subscriptions are effected.
Over-insurances are never to be confounded, in considering the principles applicable to them, or their practical consequences, with gaming insurances; especially in arguing upon English decisions, made since the prohibitory statute of 19 Geo. 2, c. 37. The maxim potior est conditio possidentis, relied on in the argument for the defendant, will be ever very justly applied in cases arising upon illegal contracts, where the law will not enforce the contract against either party, though clear and explicit in itself, and where no mistake is alleged. The maxim was thus applied in the case cited of Munt & Al., Exrs., vs. Stokes & Al., and by this Court in the case of Gates & Al. vs. Winslow.
In the case at bar, the demand arises upon a lawful contract, effectual to the extent of what the parties, or at least the party plaintiff in this action, can be presumed to have intended. From an ignorance of the facts, or a misapprehension of the state of the contract, he has allowed an operation to it which was [ * 85 ] not intended, and which is, * indeed, contrary to the express stipulations of the parties in the written instrument, to the words of which they have both consented.
Is a mistake of this nature to be rectified ?— In such a case, the law is equal between the parties, and the equity is with the party, whichever it may be, who has paid money upon it by a mistake of the fact. In the case at bar, notwithstanding the intentions of the defendant in effecting this insurance, the law entitled him, upon the words of this contract, to a restoration of the premium paid to the plaintiff, if a different event had given occasion to the demand, and the defective wording of this contract, as it respects the supposed intentions of the defendant, had been discovered. And we must presume that the plaintiff would have been then as ready to restore the premium, as he is now to reclaim his payment *71 upon the loss. There was no effectual contract between these parties ; as the policy of insurance appears to be expressed, and limited, as it must be, to the interest of the defendant.
Upon the whole, we conceive the plaintiff entitled to recover back the sum paid; that is, 140 dollars, the amount of his subscription, deducting the premium at thirty per cent, upon 200 dollars.

Defendant defaulted.