The action stood over to this term, after an argument by Dexter and Thurston for the plaintiffs, and Jackson for the defendants, and now the opinion of the Court was delivered by
Parker, J.
It being agreed that, in order to entitle the plaintiff to recover, he must prove an interest in the property at the time the loss happened, the only question *is whether the facts, of which evidence was stated to exist, establish that point.
It has been repeatedly decided here that, under the forms of our policies, none but the parties to the contract, or their legal representatives in case of their death, can avail themselves of the contract; although others may in fact have an equitable or even legal interest in the property insured. The only exception to this rule, which has been admitted, exists where a policy has been bona fide, and for a valuable consideration, assigned, with notice to the underwriter, and an assent on his part, either express or implied. This case does not come within the exception ; for here the property assured was, according to the terms of the conveyance between the assured and Waterman, absolutely conveyed to the latter, and all the official documents proving the ownership of the vessel were in conformity to this conveyance, (a)
But it has been stated in the motion for a new trial, that this was a mere feigned transaction, and that, according to a secret trust and bargain between the assured and Waterman, the property was not in truth changed; but merely a lien upon it given to Waterman, to indemnify him against a bond which he had executed for their benefit.
We cannot admit the parties to allege facts, which would prove the conveyance fraudulent, to restore them to the rights which they had lost by the transfer. They might have mortgaged the vessel, if security to Waterman was alone intended. Every document proves *431 an absolute transfer; and these documents must be conclusive in establishing the property of the vessel between the. parties.
But Waterman is in fact, according to the intention of the parties, made the owner of at least one moiety of the vessel by a subsequent transaction; and he does not convey the other moiety back to Carroll, until long after the vessel must have been presumed to be lost; for she sailed from Nova Scotia to some poit within the United States in December, 1801, and this conveyance was not executed until * May, 1802. So that at the time the loss took place, Waterman was the sole legal owner of the vessel. He cannot recover, because he is not a party to the contract of insurance; nor has it been assigned to him. And the present plaintiffs cannot recover, because at the time of the loss, they certainly had no legal interest in the property insured; nor can an equitable interest be proved, without utterly destroying the character of their own conveyance so Waterman. ■

Costs for the defendants

 [The claim upon a policy for a loss, after it has happened, may be effectually assigned. Brichta vs. The Lafayette Ins. Co., 2 Hall, 372. — Ed.]