Blanchard *v.* Dyer.

LEVI BLANCHARD *versus* JAMES DYER.

Where four persons jointly procured insurance to be made on a vessel owned by them jointly, and afterwards, while the ownership remained the same, a loss happened ; *it was held*, that an action on the policy by one of the four, to recover his share of the loss, could not be maintained. All the owners should have been joined as plaintiffs.

EXCEPTIONS from the Western District Court, WHITMAN J. presiding.

Assumpsit on a policy of insurance, dated Nov. 5, 1839, whereby " the subscribers, associated for marine insurance, do by these presents cause to be insured, lost or not lost, Levi Blanchard, Jacob G. Loring, Thaxter Prince and Paul Prince, for the term of one year from the twenty-fifth day of October, 1839, on the schooner Oxford," the sum of two thousand dollars, of which sum the defendant subscribed one hundred dollars. The suit was brought in the name of Blanchard alone. The declaration alleged that the plaintiff owned three eighths of the Oxford, and that the remainder was owned by Loring and T. & P. Prince ; and averred a total loss within the year by the perils of the sea.

At the trial, the plaintiff read his writ to the jury, and the policy of insurance declared on. The District Judge directed

a nonsuit, on the ground, that it appeared that other persons should have been joined as plaintiffs. The plaintiff filed exceptions.

The case was argued by *Fessenden & Deblois*, for the plaintiff, and by *Preble*, for the defendant.

The Counsel for the plaintiff cited *Harding* v. *Foxcroft*, 6 Greenl. 76; *Copeland* v. *Mer. Ins. Co.* 6 Pick. 198; 1 Saun. 153; Yelv. 177; Hammond on Parties, 28; 2 Caines, 203; 4 Esp. R. 98; *Gardner* v. *Bedford Ins. Co.* 17 Mass. R. 613; 4 B. & Ald. 436; 4 Wend. 75; *Cleaveland* v. *Clap*, 5 Mass. R. 201; 1 Binney, 429; *M'Cullock* v. *Eagle Ins. Co.* 1 Pick. 278; 5 Wend. 541; Phillip's Ins. 58; 5 Cranch, 342; 2 Cranch, 45; 8 T. R. 13; *Oliver* v. *Greene*, 3 Mass. R. 133; 1 Conn. R. 571; 1 Wash. C. C. Rep. 241; *Farrow* v. *Com. Ins. Co.* 18 Pick. 53; *Wood* v. *Ward*, 13 Mass. R. 544; 7 Wend. 82.

The Counsel for the defendant cited *Davis* v. *Boardman*, 12 Mass. R. 80; and *Pearson* v. *Lord*, 6 Mass. R. 81.

The opinion of the Court was afterwards drawn up by

TENNEY J. — This policy in its terms is to the plaintiff and others interested jointly, and not severally. All, who were to be benefitted by it were, at its date, owners of the vessel and so continued till the commencement of the action. There is no dispute that a loss has happened and a consequent liability upon the underwriters; the parties stand here at this time in the same position, in which they would be placed under an instrument having no condition. If the same principles apply alike to this and ordinary contracts, the action cannot be maintained in the name of one only of the assured. Numerous cases have been cited by the plaintiff's counsel, in order to show that actions upon policies of insurance are exceptions to the general rule in this respect; but we do not perceive an analogy between those cases and the one at bar. It is true policies are informal contracts and are to be liberally construed, but we cannot believe that established rules are to be broken down unless reason and necessity justify it. Nothing is here

presented, which shows a severance of the contract in any manner, and it is not pretended, that any change has taken place in the interests of the assured, since the policy was made ; neither is it insisted that a joint action could not be maintained. The policy does not purport to be to the plaintiff or any other as agent of the owners, but it runs to all, each being expressly named. In the case of *Wood* v. *Ward*, .13 Mass. R. 544, which is relied upon by the plaintiff's counsel, the policy was to the plaintiffs, *for whom it might concern*. It was insisted that as Saunders' interest in the vessel was insured in the same policy, he should have been joined with the plaintiff in order to maintain the action. The Court however, not taking the ground, contended for here by the plaintiffs, that the action could be maintained in the name of one, when others were jointly insured by the policy, decided in favor of the plaintiff on account of the peculiar language used in the instrument, and say, " The plaintiff caused the insurance for whom it might concern, and the interest of Saunders was known at the time to the underwriters. It is in conformity with the contract, that the plaintiff should maintain the action in his own name, and it is agreeable to usage, that he should do so in policies in this form." The parties only can maintain an action on a policy of insurance, except when the same is assigned by consent of the underwriters ; *Carrol* v. *Boston In. Co.* 8 Mass. R. 515. When assigned by the consent of the underwriters, the assignees thereby become parties. And since it has been usual to omit the words once used which made the policy available to all for whom it had been made, the recovery can be only for the interest which the party, named as the insured, had at the time. *Pearson* v. *Lord*, 6 Mass. R. 81. An agent may maintain an action in his own name, if interested as a policy broker, for his principals, although the principal or agent may also sue. 1 Chitty's Pleadings, 5. If one named in a policy have no interest, he cannot join in the action, but if he have an interest his name should be used. *March* v. *Robinson*, 4 Esp. R. 98 ; *Gardner* v. *Bed. In. Co.* 17 Mass. R. 613. But we find no case, where the

general principle, that the suit shall be between the parties to the contract, according to its terms, when all are interested, and there has been no severance, so essential to prevent litigation, has been violated.

*The nonsuit is confirmed.*