# Marys *versus* Anderson.

1. A lease from the 1st day of April, for one year, expires on the 31st day of the succeeding March.
2. Plaintiff being, with ten others, a co-lessor, is not entitled to recover one-eleventh of the rent in an action in his own name. The contract being joint, the remedy must follow the contract.

ERROR to the Court of Common Pleas of *Chester county*.

*Smith*, for plaintiff in error.

The facts are fully stated in the opinion of the court by

KNOX, J.—The facts of this case are few and simple, and the law arising upon the facts, is free from difficulty. David Marys died in the year A. D. 1847, seised in fee of certain real estate, which passed by his death to his children, eleven in number. On the 24th of February, A. D. 1848, seven of the eleven heirs executed a lease of the farm in question, to the defendant Anderson, for one year from the first day of April, then next for the rent of $300, payable at the expiration of the term. The plaintiff, George Marys, was one of the seven that joined in the lease. By order of the Orphans' Court of Chester county, made upon the application of the administrators of David Marys, this farm was sold on the 28th day of October, A. D. 1848, and purchased by George Marys, the plaintiff. One of the conditions of sale was, that the deed should be made on the 1st day of April, A. D. 1849. The sale was confirmed, and the deed made, but as the 1st of April came on Sunday, the deed was delivered on the preceding Saturday, the 21st day of March, A. D. 1849. The defendant as tenant, occupied the premises from the 1st day of April, A. D. 1848, until the 1st day of April, 1849.

This suit is brought by George Marys, the purchaser, to recover the rent, and as he was unsuccessful in the Common Pleas, he has here assigned for error:

1. "The court erred in not rendering judgment for the plain-

[Marys *v.* Anderson.]

tiff in error, for the whole amount of the rent with interest and costs."

2. "The court erred in not rendering judgment for the plaintiff in error, for one-eleventh part of the rent, with interest and costs."

It is impossible to examine this case, without clearly discovering the intention to prevent the rent in controversy from passing to the purchaser. The title to the premises by the conditions of sale, was to be retained until the lease had expired, and the act of the administrators in delivering the deed the day before it could have been legally demanded, can make no difference in the case. It is argued for the plaintiff in error, that at all events, he was entitled to his conveyance on the 1st day of April, and that inasmuch as the rent was not due until the day after, he is the legal owner of it. This argument is based upon the supposition, that the lease did not expire until the 1st of April, A. D. 1849, including the whole of that day, but this position cannot be sustained. The lease was from the 1st of April, A. D. 1848, for one year. The tenant took possession on the 1st day of April, A. D. 1848, and at the close of the 31st day of March, he had occupied the premises for an entire year. The 1st day of April, 1849, was the commencement of another year, and on the morning of that day, at any moment after 12 o'clock of the preceding night, the rent was due and payable, for the term had then expired.

It is undeniably true, that there has not been entire uniformity in the rules laid down by courts, in reference to the computation of time. In *Goswiler's Estate,* 3 Penna. R. 200, it was held that "whenever by a rule, or an act of the legislature a given number of days are allowed to do an act, or it is said an act may be done within a given number of days, the day in which the rule is taken, or the decision made is excluded." But in *Thomas* v. *Afflick,* 4 Harris, 14, it was said that the rule of the common law, is to include the first day, and exclude the last, and that this was the true rule. Admitting that *Goswiler's Estate* was not well considered, in *Lyle* v. *Williams,* 15 S. & R. 136, it was said "that where the expressions are *from the date,* the rule seems to be, that if a present interest is to commence from the date, the day of the date is included, but if they are used merely to fix a *terminus* from which to complete time, the day is excluded, and it was accordingly held in the case, that where a bond was dated on the 22d of July, 1818, payable in five years from the date, a *scire facias quare executio non* might issue on the 22d day of July, 1823. The diversity in the rule appears to have been caused by a desire so to apply *it, as not* to work injustice. The parties to this transaction, doubtless had in view the universal understanding *of the* country, that

where one rents lands or tenements for a year, from the 1st day of April, the tenant has the right to enter on the day named, and that his term ceases on the last day of March ensuing. Any other construction would not only do violence to the customs and habits of the people, but would in the case before us, work manifest injustice, by giving to the plaintiff the income and profits of an estate, for an entire year anterior to the commencement of his title.

The only question that remains to be considered is, whether the plaintiff can recover in this action the one-eleventh part of the rent, as tenant in common with his co-lessees, and here it is only necessary to apply the rule, that the remedy must follow the contract; as the one was joint so must the other be. The agreement was to pay, not to each lessor his individual part, but to them all, the gross sum of $300. If there had been no express agreement, and the action was for use and occupation, perhaps the tenants in common could have severed in their actions, but here the remedy must be under the contract, and all who are parties to the agreement must join in the action.

Judgment affirmed.