JOSHUA F. DAVIS *vs.* NEW ENGLAND FIRE INSURANCE Co.

October Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and
THOMPSON, JJ.

*Insurance Policy—Parties Plaintiff—Insurable Interest at Time of Loss
Sufficient—Pleading.*

A fire insurance policy insuring the plaintiff and another jointly, upon a
consideration moving from both, cannot be made the basis of an action
by the plaintiff alone without alleging some reason for the non-joinder,
although a portion of the property insured and destroyed is alleged to
have belonged to the plaintiff.

A declaration upon a fire insurance policy need not allege an insurable
interest in the plaintiff at the issuing of the policy, provided it allege one
at the time of the loss.

Argumentative averments are sufficient on general demurrer.

GENERAL ASSUMPSIT, with a special count upon a fire
insurance policy. Upon general and special demurrer to the
special count, at the March Term, 1897, Washington
County, *Rowell*, J., presiding, a *pro-forma* judgment was
rendered sustaining the demurrer and adjudging the count
insufficient. The plaintiff excepted.

The special count alleged that a portion of the personal
property insured and destroyed belonged to the plaintiff.

The special demurrer assigned for causes, 1st, that the
policy was issued to the plaintiff and Mary A. Davis,
jointly, upon a consideration moving from both, and that
both were necessary parties; 2nd, that the policy is a
contract with the two, and that it is not alleged that the
dwelling house or any of the personal property was the sole
and separate property of the plaintiff in fee, or of the
plaintiff and said Mary A. Davis, or of either of them; 3rd,
that it appears that the plaintiff and Mary A. Davis were
not the owners of the personal property.

*Frank Plumley* and *G. A. Davis* for the plaintiff.

A party may not be joined in a suit who has neither legal nor beneficial interest in the subject matter. Although here the contract is in form joint, the interests are several, and separate actions may therefore be maintained. *Eccleston* v. *Clipsham*, 1 Saund. 153; *Austin* v *Walsh*, 2 Mass. 401; *Dunham* v. *Gillis*, 8 Mass. 462; *Ehle* v. *Purdy*, 6 Wend. 629; *Sharp* v. *Conkling*, 16 Vt. 359. "As relates to simple contracts, the promise, to whomever made, inures to and is deemed a promise to whoever has the beneficial interest, which is the person from whom the consideration moves." *Warden* v. *Burnham*, 8 Vt. 395.

The policy is in effect an open policy and the plaintiff may recover to the extent of his interest. Mary A. Ward could not have been joined because she had no interest in a portion of the personal property. In *Davenport* v. *N. E. Mutual Life Association*, 47 Vt. 528, it was held that a suit in the names of the parties in interest though not technically parties to the contract might be sustained. See *Crampton* v. *Ballard*, 10 Vt. 251, 254.

*Butler & Moloney* for the defendant.

TAFT, J. (1) This is an action to recover upon a fire insurance policy. It is alleged that the contract was made by the defendant of the one part, and the plaintiff with one Mary A. Davis, jointly, of the other part. No reason is alleged for not joining Mary A. Davis, as co-plaintiff. The contract was made by her and the plaintiff as the insured, the consideration was paid by them, and the promise was made to them, jointly. Under our decisions she is a necessary party plaintiff.

(2) It is insisted by the defendant that the declaration is defective for that there is no allegation that the property insured was the property of the plaintiff at the time the policy was issued, citing *Dickerman* v. *Vt. Mut. Fire Ins. Co.*, 67 Vt. 99, in which it is said, "It is essential to the sufficiency

of the counts that they should allege an insurable interest in the plaintiffs at the time the policies were issued and also at the time of loss." This is a general rule and according to the current of decisions, and is applicable in all cases when it does not appear that there was any interest in, nor ownership of, the property from the time the policy was issued to the time of loss. But a policy may be valid and attach to and cover property acquired subsequent to its delivery, and in such cases the rule above stated is modified, and an allegation that subsequent to the delivery of the policy the insured acquired an interest in the property which is the subject of the contract, is sufficient. In *Hooper* v. *Robinson*, 98 U. S. 528, Mr. Justice Swayne cites I. Perkins's Arnould on Insurance, 238, viz: "It is now clearly established that an insurable interest subsisting during the risk and at the time of loss,is sufficient, and that the assured need not also allege or prove that he was interested at the time of effecting the policy. Indeed, it is every day's practice to effect insurance in which the allegation could not be made with any degree of truth." And the learned Judge adds, "This is consistent with reason and justice and is supported by analogies of the law in other cases;" and he mentions that a deed voidable under certain circumstances may be made valid for all purposes by a sufficient after consideration, devises for certain purposes to grantees not *in esse* which vest and take effect when the grantee shall exist, and other instances that depend for their efficacy upon events occurring subsequent to the conveyance under which they arise.

The declaration before us is defective in respect to some of the property, for not alleging ownership in the plaintiff at the time of the loss, but there is no allegation as to any of it that it was that of the plaintiff at the time the policy was issued. There is an argumentative allegation that subsequent to the issuing of the policy the plaintiff became the owner of a portion of it. These allegations that during

the life of the policy the plaintiff became the owner and was so at the time of the loss, are sufficient in respect to alleging the interest of the insured.

The declaration is defective in respect to some of the property, and good as to other portions of it.

(3) The contract set forth provided that the real property was insured "while occupied as a private dwelling house by a tenant." It argumentatively appears that it was occupied at the time of the loss as it was at the time the policy was issued, and under the contract sued upon this is sufficient.

*Judgment affirmed and cause remanded.*