## Southern Building & Loan Association *v.* Pennsylvania Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Service of process—Jurisdiction—Action.*

An owner of a policy of fire insurance may bring his action for the recovery of a loss against the insurance company in any county in the commonwealth in which he can secure such a service as will bring the defendant legally into court, irrespective of the location of the property destroyed.

*Practice, C. P.—Appearance—Affidavit of defense—Service of process.*

Where a person describing himself as the attorney of a fire insurance company which is a party defendant, makes a full and elaborate affidavit of defense invoking every form of legal defense, except irregularity of service of summons, the company cannot afterwards allege that an appearance filed by such person was an appearance de bene esse for the purpose of having the service of the summons set aside.

*Pleading—Inconsistent pleas—Plea in abatement—Plea in bar.*

A plea in abatement cannot be pleaded at the same time with a plea in bar. When they are filed together the plea in abatement will be stricken off.

*Insurance—Fire insurance—Proofs of loss—Waiver.*

Where a person alleged to be the general agent of a fire insurance

company is served with a paper purporting to be a proof of total loss, and the paper is transmitted to the company, and thereafter an adjuster from the company proceeds to adjust the loss, but stops the adjustment on the ground that he had discovered a transfer of title by the insured, the question whether the company has waived more complete proofs of loss, is for the jury.

*Insurance—Fire insurance—Mortgage—Notice of change of title.*

A mortgagee holding fire insurance policies on the mortgaged premises is not affected by a failure of the mortgagor, the insured, to give notice to the insurance company that he has transferred the premises to his wife. The mortgagee can only be called upon to give such notice after acquiring knowledge of the fact of change. Such notice may be given by the mortgagee in the proof of loss.

*Evidence—Production of books in custody of court.*

Where depositions are taken in a distant city, and witnesses are permitted to refresh their memory from books in the custody of the United States circuit court, and the party on the other side does not avail himself of the opportunity of being present and cross-examining the witnesses from the books, he has no standing to complain of the nonproduction of the books at the trial.

Argued Jan. 19, 1903. Appeal, No. 48, Jan. T., 1903, by defendant, from judgment of C. P. Susquehanna Co., Nov. T., 1898, No. 166, on verdict for plaintiffs in case of Southern Building & Loan Association, D. A. Carpenter and John W. Connor, Receivers. Before BEAVER, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Assumpsit upon a policy of fire insurance. Before SEARL, P. J.

The facts appear by the opinion of the Superior Court.

The court admitted under objection and exception the paper described as proof of loss, and referred to in the opinion of the Superior Court. [2]

The court admitted under objection and exception portions of the depositions referred to in the opinion of the Superior Court. [4–10]

The court charged in part as follows :

[By the terms of this policy, stated in the clauses I have read to you, as between the insured, John Nodzen, and the company, if there had been no mortgagee clause attached, the transfer of the title to the wife, without any notice thereof to

the company, would render the policy void. But the insurance company themselves have attached to and made part of that policy the mortgagee clause which I have read to you, in which they agree—because it is a part of the agreement—that " this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property," etc. Therefore, we instruct you that as far as regards the change of ownership in the property, by the terms of the policy of insurance, the neglect of the insured to notify the company did not vitiate this policy, and that the mortgagee, the loan association, or their successors in title, the receivers, who have brought this suit, were not bound to notify the defendant company of any change in the title or ownership of this property without they knew it. In other words, under the terms of this policy, it was the duty of these receivers or the loan association, either one, to notify the insurance company of any change in the title to the property that came to their knowledge, but if no change of title came to their knowledge, they were under no obligations to notify the insurance company of something that they did not know themselves.] [14]

It was the duty of the insured to furnish proofs of loss within sixty days, by the terms of the policy, and there is no evidence in this case that either John Nodzen or the plaintiffs in this action furnished any written proofs of loss, such as are required by the terms of the policy, within sixty days after the fire. On the part of the plaintiff it is claimed that the loss being a total loss, the building having been entirely burned, and notice of that having been given by the agent, Mr. Brown, whom the counsel for the defendant claims was the agent of the insured, to the defendant company on the blank, and the adjuster having come there and found the loss to be a total loss, and also having ascertained that the property had been transferred by John Nodzen without notifying the defendant company, he immediately stopped proceeding any further towards the adjustment of the loss. They claim that this, being the act of the agent of the company, and the loss being total, was a waiver of the necessity of furnishing any further proofs

of loss to the company, and that they could institute suit immediately. [Where an insurance company which insures buildings or property receives notice immediately after a fire that a fire has occurred and that the loss is a total one, and sends their adjuster upon the premises and notifies the insured that they refuse to go any further with the adjustment on the ground that the company are not liable by reason of the transfer of the property to somebody else during the life of the policy, from that fact the jury can find as a fact that they waived the furnishing of any further proofs of loss.] [15]

Plaintiff presented this point:

If the jury find from the evidence that the loss upon which the policy was issued in this case was total; that the local agent or representative of the company was present at the fire, notified the company or its duly authorized agents of the loss, and the fact that it was total; that in pursuance of said notice defendant sent their adjuster, Mr. Innes, who in pursuance of his duty commenced to adjust the loss, but before finishing said work, having ascertained by some means that the property had been conveyed by John Nodzen, the owner, at the time of the issuance of the policy, to his wife, refused to proceed further, claiming that the company was not liable by reason of said transfer; that then there was a waiver for any necessity for furnishing proofs of loss in this case, and that therefore the jury can find for the plaintiff, regardless of the fact whether proofs of loss were furnished within sixty days, or furnished at all. *Answer:* We affirm that point, with the qualification that the jury are allowed to find from those facts a waiver of any necessity of furnishing proofs of loss as required by this policy. [18]

Defendant presented these points:

1. The files in this case disclose that this action was brought under the Act of assembly of April 24, 1857, P. L. 318, and the summons was served upon the defendant company at its home offices in Philadelphia; the evidence of plaintiff discloses that the building insured and alleged to have been destroyed was located in Lackawanna county; there can, therefore, be no recovery in this county and in this action. *Answer:* That is refused. [19]

2. This proceeding cannot be maintained even though it

were considered to have been under the Act of April 8, 1851, P. L. 353, because there is no proof that the defendant company had a duly authorized agent in this county at the time of the bringing of the action. *Answer :* That is refused. [20]

5. The policy in this case required written proofs of loss to be served upon the company within sixty days from the date of fire ; the evidence of the plaintiff discloses that no such proofs were filed within the sixty-day limit, which was a precedent to the bringing of any action ; wherefore, the plaintiffs had no right to bring this suit, and judgment must be entered against them. *Answer :* That is refused. [21]

12. The evidence of the plaintiff having disclosed that there was a change of title in the property insured, evidenced by a deed upon record long prior to the fire, that the receivers of the mortgagee association had knowledge of such change, and no notice having been given the defendant company, the liability of the company under the provisions of its policy is released and the plaintiff cannot recover. *Answer :* That is refused. [26].

Verdict and judgment for plaintiff for $630.50. Defendant appealed.

*Errors assigned* were (2, 4–10) rulings on evidence, quoting the bill of exceptions; (14, 15, 18–21, 26) above instructions, quoting them.

*Thomas F. Wells,* with him *W. D. B. Ainey,* for appellant.

*E. N. Willard,* with him *E. R. W. Searle* and *G. P. & R. D. Little,* for appellees.

OPINION BY BEAVER, J., May 22, 1903 :

The defendant company on March 28, 1895, issued to John Nodzen its policy of insurance against loss by fire for three years, on two several dwelling houses in Lackawanna county, in the sum of $500 each. Nodzen, having borrowed money from plaintiff, had given it, January 17, 1895, a mortgage upon his property, afterwards insured for $1,000. By the terms of the policy, "loss, if any, payable to the Southern Building & Loan Association of Knoxville, Tennessee, as their interest may appear."

In December, 1895, Nodzen conveyed the property so insured to his wife, died in June, 1896, and on October 11, 1897, one of the buildings was entirely destroyed by fire.

December 10, 1897, E. R. W. Searle, attorney for plaintiff, forwarded to the general agents of the defendant a paper, purporting to be a proof of loss which was received by them the next day. The same day, December 11, Searle called upon Shoemaker, a member of the firm of Thompson, Derr & Brother, the general agents. The proof of loss was then in their office, no objection was made to it and, as he testified, Searle was assured by Shoemaker that the loss would be adjusted as speedily as possible and that he "need not pay any more attention to it." December 13, 1897, the proof of loss was returned to Searle by the general agents with a letter of transmittal in which they say : " We call your attention to the fact that, as we understand it, you are not an officer of the Southern Building & Loan Association of Knoxville, Tennessee ; as a consequence, this paper is not a satisfactory proof of loss." A paper containing practically the same statement of facts as that furnished by Searle was subsequently furnished, signed and sworn to by the receivers of the plaintiff company.

September 27, 1898, suit was brought in Susquehanna county and summons directed to sheriff of Philadelphia county, who returned it served upon John L. Thompson, vice president of the company. It does not appear from the abstract of proceedings nor in the appendix of appellant's paper-book when, or how, or by whom an appearance was entered for defendant. It does appear, however, that November 14, 1898, a motion to strike off service of summons for reasons appearing on face of return was filed and, on April 10, 1899, a general affidavit of defense was filed by Wm. D. B. Ainey, attorney for the defendant. This affidavit is not printed in appellant's paper-book but is contained in full in that of the appellee. A supplemental affidavit of defense was filed August 12, 1899, and, on August 26, 1900, a paper, which is both a plea in abatement and a plea in bar, was filed by the attorney of the defendant. The relevant facts are thus fully stated, because they are essential to a clear understanding of the discussion which follows.

The case was laboriously tried in the court below and, as a result of the trial and of previous proceedings, we have thirty

assignments of error. These, however, may be considered in groups under the several general subjects as adopted by the appellant in the argument.

1. As to the jurisdiction of the court.

There can be no question of the right of a plaintiff to bring his action for the recovery of a loss against an insurance company in any county in the commonwealth in which he can secure such a service as will bring the defendant legally into court, irrespective of the location of the property destroyed. The Act of April 24, 1857, P. L. 318, gave special authority, if suit was brought in the county in which the property insured was located, to have the summons served in any county of the commonwealth. It was simply an additional method of bringing the defendant into court. The summons in this case was evidently issued under the provisions of this law. The service was confessedly irregular but the irregularity could be waived by the defendant.

If an appearance had been entered solely for the purpose of having the service set aside, the defendant could not have been held thereby to have submitted itself to the jurisdiction of the court, but there is nothing which we can find in the record as presented by the appellant which limits the purpose of the appearance by attorney, and such a limitation is expressly negatived both in law and fact by the affidavit of defense, omitted from the appellant's paper-pook, which was filed April 10, 1899, by Mr. Ainey, who describes himself as "the attorney of the Pennsylvania Fire Insurance Co., the above-named defendant," in which a full and elaborate defense in the nature of a special plea is set forth with much precision and in which every form of legal defense is invoked, except the irregularity of the service of the summons. Assuming, as stated in the opinion of the court overruling the plea in abatement, that the appearance of Ainey was originally de bene esse for the purpose of moving to have the service of the summons set aside, he evidently abandoned that motion, for it was never pressed or acted upon, so far as the record shows, and brought the defendant within the jurisdiction of the court by setting forth substantial grounds of defense in the manner already indicated : MacGeorge v. Chemical Mfg. Co., 141 Pa. 575 ; Jeannette Boro. v. Roehme, 9 Pa. Superior Ct. 33. Even the plea in abatement, so-called, filed

August 6, 1900 (which we think should be 1899), was bad, because it contained a plea in abatement and a plea in bar, which are inconsistent with each other; the one denying and the other appealing to the jurisdiction of the court. "It is perfectly clear that a plea in abatement cannot be pleaded at the same time with a plea in bar: 1 Bac. Abr. title, Abatement." "When a plea in abatement and a plea in bar are filed together, the plea in abatement will be stricken off by the court:" 1 T. & H. Pr. sec. 519. The several assignments of error relating to the jurisdiction of the court are, therefore, overruled.

2. As to the proof of loss.

Whether Brown was the "general agent" of the defendant company or not is a matter of little consequence. As a matter of fact, his notice of the loss brought the adjuster of the company upon the ground. He proceeded to adjust the loss but in the course of the adjustment discovered that the title had been transferred by the insured in his lifetime to his wife and thereupon suspended the adjustment of the loss, declared the company not liable therefor and quit the premises. This, according to our decisions from Penn. Fire Ins. Co. v. Dougherty, 102 Pa. 568, and Roe v. Dwelling House Ins. Co., 149 Pa. 94, has been held to be a waiver of proofs of loss, the questions as to what occurred at the time of adjustment being, of course, for the jury. But it is claimed that the mortgagee in this case, having subsequently undertaken to furnish such proof, is bound by the sufficiency thereof and must be held to have waived the waiver. We so held in Ulysses Elgin Butter Co. v. Hartford Fire Ins. Co., 20 Pa. Superior Ct. 384, but that was a case in which there had not been a total loss and where, after proofs of loss were furnished, specific information as to important facts necessary to a complete understanding of the situation were demanded, the defects arising from vital omissions pointed out and there was a total failure to supply them, and has, therefore, little applicability here. It is also to be remarked that this question was not raised in the court below and no request made for any ruling thereon. We think, therefore, the question of waiver under our decisions was fairly raised and properly submitted to the jury. The assignments of error, so far as they relate to the proof of loss, are, therefore, overruled.

3. As to the change of title.

The insured was bound, under the terms of the policy, to give notice of change of title.   It appeared that such a change had been made by a conveyance by Nodzen, the insured, to his wife, but the mortgagee was not affected by the failure of the insured to give such notice, and it could only be called to give such notice after acquiring knowledge of the fact of change. A notice was given in the statement or proof of loss and there is no evidence that the plaintiff had any such knowledge prior to that time.

4. The depositions of Collett, the secretary and general manager of the Building & Loan Association before it went into the hands of the receiver, and of Barrows, the chief clerk to the receivers, were taken under a rule regularly entered, upon application, under the Act of June 25, 1895, P. L. 279, of which the defendant had notice.   These depositions were duly returned and, on October 10, 1901, notice to defendant's attorney that depositions were ready for inspection was filed.   November 22, 1901, exceptions were filed to the plaintiff's depositions, of the character of which we are not informed, as they are not printed in the appellant's paper-book.   Numerous exceptions were taken to these depositions on the trial.

The court seems to have scrutinized them very carefully and to have eliminated answers to numerous interrogatories.   We have examined the interrogatories and the answers thereto which were allowed to be read and, so far as we can judge from the brief exceptions thereto and without the reasons of the trial judge in admitting them, we think the irrelevant testimony was eliminated and that which remained was legal evidence to establish the balance due from Nodzen, the insured, to the plaintiff.   The witnesses were the officers of the company who had knowledge of the transaction.   It is true that their testimony was in some respects of a negative sort but they were the officers through whose hands all correspondence passed and who would have known if alleged facts concerning which they were interrogated had actual existence.   We cannot see that the witnesses made an illegal use of the books of the company.   They were not such books as were of themselves legal evidence and contained entries which it was entirely proper for the witnesses to use, in order to refresh their recollection.

Under the provisions of the act of June 25, 1895, supra, the

defendant could have been present and cross-examined the witnesses and, in so doing, could have used the books from which they refreshed their recollection in the cross-examination and, inasmuch as the books were under the control of the circuit court of the United States for the western district of Pennsylvania, by which the receivers were appointed, we cannot see that the plaintiffs should have had any penalty visited upon them for the nonproduction of the books. The assignments of error, relating to the admission of such portions of the depositions as were allowed to be introduced by the court are, therefore, overruled.

The standing of the plaintiff as the mortgagee of the insured, and the amount received by the mortgagor and that which was due upon the mortgage at the time of the loss were clearly established by competent evidence. We think, therefore, that the plaintiff was properly allowed to recover.

The numerous assignments of error have not been discussed and passed upon seriatim but we think that those which require discussion have been fully covered under the several numbered paragraphs which follow practically the various propositions submitted in the appellant's argument.

Upon the whole case, as presented by the appellant, we can see no reversible error.

Judgment affirmed.