# Webb *v.* Gorman, Appellant.

*Res adjudicata—Joint action—Separate action—Parties—Practice, C. P.—Subject-matter.*

Where two persons bring separate actions and their right of action is on a joint contract, and in each case a verdict is directed in favor of the defendant because the actions were wrongly brought, and without consideration of the merits of the case, such disposal of the two cases is not res adjudicata of a joint action subsequently brought by the two parties on the contract with the defendant. In such a case neither the parties nor the subject-matter are the same in the two proceedings.

Argued Dec. 6, 1916. Appeal, No. 219, Oct. T., 1916, by defendant, from judgment of C. P. Schuylkill Co., May T., 1915, No. 249, on verdict for plaintiff in case of Jesse Webb and Oliver Keiser v. Joseph F. Gorman. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover commissions for the sale of real estate. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $610.61. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. O. Ulrich,* for defendant.—The case was res adjudicata: Marsh v. Pier, 4 Rawle 273; Logan v. Caffrey, 30 Pa. 196; Sykes v. Gerber, 98 Pa. 183; Simes v. Zane, 24 Pa. 242; Pennock v. Kennedy, 153 Pa. 577; Rockwell v. Langley, 19 Pa. 502; Bethlehem, Etc., Water Co. v. Yoder, 112 Pa. 144; Buck v. Wilson, 113 Pa. 423; Hill v. Joy, 149 Pa. 243; Raisig v. Graf, 17 Pa. Superior

Ct. 509; Eisenhower v. Centralia School Dist., 13 Pa.
Superior Ct. 51; Schwan v. Kelly, 173 Pa. 65; Bell v.
Allegheny County, 184 Pa. 296; Besecher v. Flory, 176
Pa. 23; Ahl v. Goodhart, 161 Pa. 455; Baker v. Small,
17 Pa. Superior Ct. 423; Nernst Lamp Co. v. Hill, 243
Pa. 448; Shaffer v. Wilmore, 246 Pa. 550; Eshelman v.
Shuman, 13 Pa. 561; Burnside v. Miskelly, 5 Watts 506.

R. P. *Swank,* for appellee, cited: Standiford v. Klo-
man, 234 Pa. 443; Baker v. Small, 17 Pa. Superior Ct.
423; Follansbee v. Walker, 74 Pa. 306.

OPINION BY ORLADY, P. J., March 16, 1917:

The written contract between these parties provided
that the plaintiffs should be the agents for the sale of
lots, and were to receive a commission of twenty (20)
dollars on each lot sold.  The parties so construed the
agreement that the plaintiffs, acting under the authority
given to them, induced sales of lots which the defendant
admitted entitled them to a commission, and he paid to
one of the plaintiffs fifty (50) dollars, and to the other
$115, on account of sales they effected, leaving a balance
of $455, for which this suit was brought.

The facts of the case are not in dispute, but the rights
of the plaintiffs have been complicated by their own con-
duct.   Separate suits were brought in the name of each
of the plaintiffs against the defendant, before a justice
of the peace, to recover the one-half of the twenty dollars
per lot, and on an appeal to the Court of Common Pleas,
it was held that the actions could not be maintained for
the reason that their contractual relation with the de-
fendant, arose out of a written contract which by its
very terms was joint, and not several, and that they were
bound to bring a joint action to entitle them to recover.
For this reason only the court below directed a verdict
in favor of the defendant, without consideration of the
merits of the case.

This suit is now brought by the two to recover upon

the same contract, and the defense as urged, is that the former judgments are bar to this action.

The court below held that on the record as exhibited, the earlier judgments were not res adjudicata. The estoppel of a former adjudication will extend only so far as the subject-matter of the second suit is substantially the same as that of the first, and may be binding on some points while leaving others open to controversy. In order to render a judgment effectual as a bar, it must appear that the cause of action is the same in substance and can be sustained by the same evidence: Schwan v. Kelly, 173 Pa. 65. To make a matter res adjudicata there must be a concurrence of (1), identity in the thing sued for or subject-matter of the suit; (2), identity of the cause of action; (3), identity of persons and of parties to the action; (4), identity of the quality in the persons for or against whom the claim is made: Baker v. Small, 17 Pa. Superior Ct. 423; Raisig v. Graf, 17 Pa. Superior Ct. 509.

In the actions in which these plaintiffs brought individual suits, while the defendant was the same, the parties to the action were not; nor was the subject-matter the same. While the controversy grew out of the sale of the same lot, the right to recover was properly held by the court below to be in the plaintiffs jointly, and the defense raised in the earlier actions was in the nature of a demurrer for insufficient parties.

The right to recover in this case is different from that of the former actions, Follansbee v. Walker, 74 Pa. 306, and the judgment in the earlier case was simply an adjudication, that the plaintiff could not recover in the form in which he had brought his action; and this independent of the right to recover, if the action had been brought in the name of the proper parties.

In order to come within the rule as to res adjudicata, the first judgment must have been binding on both parties to the second action. No party is, as a general rule, bound in a subsequent proceeding by a judgment unless

the adverse party now seeking to secure the benefit of the former adjudication would have been prejudiced by it if it had been determined the other way: Walker v. Philadelphia, 195 Pa. 168.

There not being identity of parties, and identity of subject-matter with a decision upon the merits of the case, the earlier judgment was not a bar to this action.

The judgment is affirmed.