# Bowers Company *v.* London Assurance Corporation, Appellant.

*Insurance—Fire insurance—Beneficiary—Joint beneficiaries—Action on policy.*

A policy of fire insurance on an automobile in favor of the owner and the purchaser under a bailment lease, "as their interests may appear" is a joint contract and the fraud of either of the insured invalidating the policy will affect the other. The interests of both parties together form one complete legal and equitable title to the property which was the subject of the insurance. Their rights were interrelated, and the interest of one could not be established without determining the interest of the other.

Where the insurance is taken in the joint names of two or more persons, the general rule prevails that joint contractees must join in one action to enforce it. The rights of persons claiming under the assured by assignment or under "loss payable" clauses or otherwise, must be settled in Pennsylvania by action in the name of the insured and subject to defenses against him.

If the parties to the transaction, because of the advantages expected from a joint policy adopted that form a contract, they took it subject to all the disadvantages incident to it, including the risk of the policy being invalidated by the fraudulent act of either.

Argued October 27, 1926. Appeal No. 195, October T., 1926, by defendant from judgment of M. C. Philadelphia County, September T., 1923, No. 172, in the case of L. S. Bowers Company, Inc., v. London Assurance Corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

122   BOWERS CO. *v.* LONDON ASSUR. CORP, Appel.

Assumpsit on policy of fire insurance.   Before GLASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $270.30 and judgment thereon.   Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the Court and refusal of defendant's motion for judgment non obstante veredicto.

*Arthur S. Arnold,* for appellant.—The contract of insurance was with two parties and the action should have been brought jointly: Lee v. Gibbons, 14 S. & R. 105; Sweigert v. Berk, 8 S. & R. 308; Boggs v. Curtin, 10 S. & R. 211; Meason v. Kaine, 67 Pa. 126; Webb v. Gorman, 66 Pa. Superior Ct. 166; McIntire v. Coal Co., 118 Pa. 108; Schiavoni v. Insurance Co., 48 Pa. Superior Ct. 252; Elliott v. Insurance Co., 20 Pa. Superior Ct. 359; McCurdy v. Orient Insurance Co., 30 Pa. Superior Ct. 77; Fire Assn. v. Williamson, 26 Pa. 190; Gottsman v. Pa. Insurance Co., 56 Pa. 210.

*Simon Garlic,* for appellee.

OPINION BY KELLER, J., March 3, 1927:

This action was brought on a policy, issued February 22, 1923, insuring the assured named therein for one year against loss or damage by fire, not exceeding $700, to a described automobile.   The assured named in the policy were, ''John A. Perry and L. S. Bowers Company, as their interests may appear.''   The assured's address was stated to be, 7138 Tulip Street, Tacony, Philadelphia [Perry's residence]; occupation, Truckman [his business]; the automobile was represented as having been purchased second-hand in February, 1923, at an actual cost of $800.

Just before taking out the policy the L. S. Bowers Company, which was a dealer in automobiles, "sold" the automobile to Perry for $800, of which $362.50 was paid in cash and the balance secured by a bailment lease for seven months which required the lessee, (Perry), to keep the automobile insured against loss or damage by fire, loss if any payable to the lessor (L. S. Bowers Co.), as its interest might appear; the insurance to be written in such company and in such amount as the lessor should designate, the cost thereof to be paid by Perry.

On April 18, 1923, while the policy was in force, the automobile was burned while in the possession of Perry. Shortly thereafter a proof of loss, signed and sworn to by both of the assured, was forwarded to the insurance company under which claim was made for $650, allowing depreciation of $100 and salvage value of $50 from the cost of the car. The particulars of the fire were stated therein to be as follows: "Car caught fire at carburetor. John A. Perry endeavored to extinguish fire while Theodore Perry [his brother] went to turn in alarm. Fire was finally extinguished by Holmesburg Fire Co. after a delay of probably ten minutes. Body, top, instruments, wiring, etc., were destroyed."

On September 7, 1923, this action was brought by L. S. Bowers Co., alone, claiming to recover as indemnity the balance due it under the said lease, $270.30. Perry did not join in the suit. Defense was made (1) on the ground that the contract being with Perry and the Bowers Co. jointly, an action could not be maintained by the latter alone; and (2) offer was made to show that the automobile was fraudulently burned by Perry or by his direction and with his connivance. The learned court below held, (1) that the contract was several and not joint; (2) that as it was not alleged that this plaintiff had knowledge of or was concerned

in the fraudulent burning, the offer of evidence respecting it was irrelevant.

Both Perry and the Bowers Co. had insurable interests in the automobile. Each could have insured his interest separately, in which event neither would have been affected by the other's individual fraudulent act. In case of a fire, each would have recovered in a separate action his respective loss or damage without regard to the recovery of the other. Neither would have been precluded by the result of the action brought by the other, nor could they have been compelled to interplead. But two policies would have been required and full premium paid on the maximum insurable interest of each, which would vary from month to month as Perry made his payments. The course adopted was less expensive, or less troublesome, and as long as neither party violated the contract furnished ample protection to both at minimum expense. The interests of both parties together formed one complete legal and equitable title to the property which was the subject of insurance. As Perry made his monthly payments his interest in the automobile increased and the Bowers Company's interest decreased, until if and when the full contract price was paid, Perry's interest was the whole and the Bowers Company's nothing; but until that result was obtained they did not have separate and distinct interests in the *policy*—as distinguished from the automobile—, which each could enforce by his own separate action irrespective of the rights of his joint assured. Their rights were interrelated. Perry's interest could not be established without determining how much Bowers Co. had been paid. Bowers Company's interest could not be fixed without settling the amount yet due by Perry. In case of a dispute between them they could have been compelled to interplead: Rogers v. Grazebrooke, 12 Simons 557. Neither's rights under the policy could be adjudicated

in an action to which he was not a party. We are, therefore, of opinion that the policy did not purport to insure the interests of the assured in severalty but jointly, the two interests combined constituting one whole subject of insurance. This opinion is not affected by the fact t 'at in designating the assured, the policy reads: "John. A. Perry and L. S. Bowers Company, *as their interei 's may appear."* This is a recognition that the quantities of the respective interests might vary from time to time, as payments were made on account of the contract, and that the character of interest might not be precisely alike nor the quality the same, but is not evidence of an intention to insure such varying interests separately, so as to permit separate actions on the policy with the same effect as if separate policies had been issued, as above mentioned. The consideration paid was entire and indivisible, not apportioned to insuring the interest of each. The contract was accordingly entire, not separable: Schiavoni v. Dubuque F. & M. Ins. Co., 48 Pa. Superior Ct. 252; Gottsman v. Penna. Ins. Co., 56 Pa.; 210; Monaghan v. Agricultural Fire Ins. Co., 53 Mich. 328, 18 N. W. 797.

The general rule in force in this State is that if a contract is joint, the joint contractees must join in one action to enforce it: Meason v. Kaine, 67 Pa. 126; Webb v. Gorman, 66 Pa. Superior Ct. 166; Marys v. Anderson, 2 Grant 446; Farni v. Tesson, 1 Black (U. S.) 309; 1 Chitty on Pleading *10; American Ins. Co. v. Insley, 7 Pa. 223; DeBolle v. Penna. Ins. Co., 4 Wharton 68. And it is not necessary to object to a non-joinder in actions on contract by plea in abatement; it may be done under the general issue or plea on the merits: Morse v. Chase, 4 Watts 456; Farni v. Tesson, supra, p. 315; 1 Chitty on Pleading *14, note 22; 1 Saunders Reps. 291 f.

An insurance policy is no exception to the rule. The

rights of persons claiming under the assured by assignment or under "loss payable" clauses or otherwise, must be worked out in this State by action in the name of the assured and subject to defenses against him: Stainer v. Royal Ins. Co., 13 Pa. Superior Ct. 25; State Mutual Fire Ins. Co. v. Roberts, 31 Pa. 438; Post Printing Co. v. Ins. Co. of N. A., 189 Pa. 300; Roberts, Trustee, etc., v. Firemen's Ins. Co., 165 Pa. 55; with the exception that a formal mortgage clause such as was used in Knights of Joseph B. & L. Ass'n. v. Mechanics' Fire Ins. Co., 66 Pa. Superior Ct. 90, 94, is held to create a new and independent contract between the insurance company and the mortgagee: Southern B. & L. Ass'n. v. Penna. Fire Ins. Co., 23 Pa. Superior Ct. 88, 96; Reed v. St. Paul F. & M. Ins. Co., 67 Pa. Superior Ct. 110, 117. If the insurance is taken in the joint names of two or more persons the general rule prevails and all the assured must join in the action: Blanchard v. Dyer, 21 Me. 111; Davis v. New England Fire Ins. Co., 70 Vt. 217, 39 Atl. 1095; Voss v. Conn. Mut. Life Ins. Co., 119 Mich. 161, 77 N. W. 697; Monaghan v. Agricultural Fire Ins. Co., 53 Mich. 328, 18 N. W. 797; Proctor v. Georgia Home Ins. Co., 124 N. C. 265, 32 S. E. 716; Besant v. Glens Falls Ins. Co., 76 N. Y. Supp. 35. It is true the last named case was practically overruled in Kent v. Aetna Ins. Co., 82 N. Y. Supp. 817, which held that the words "as their interest may appear" had no force or effect unless construed as creating a several liability; the opinion of the court in that case, however, recognized that both of the assured were necessary parties to the action (p. 818; see to the same effect, O'Neil v. Franklin Fire Ins. Co., 145 N. Y. Supp. 432, affirmed 216 N. Y. 692, 110 N. E. 1045), but held that under the New York Code the other party assured might be made a party defendant, a course not possible under the practice at law in this State. And it was held by the Court

of Appeals in Lewis v. Guardian Fire Ins. Co., 181 N. Y. 392, 74 N. E. 224, that a policy issued to "A., loss if any, payable to B., mortgagee, as his interest may appear," did not permit the mortgagor and mortgagee to sue separately, each to the extent of his own interest in the subject matter of the policy; that the interests of the mortgagor and mortgagee in the policy were not separate and distinct—p. 225. We think our construction of the phrase "as their interest may appear," given above, is more logical and more in accord with the intent of the contract.

The present situation is not the same as where a policy is issued, "For the account of whom it may concern," or where, with the knowledge of the insurer, totally distinct items of property, owned by different persons, are included in a blanket policy issued in the names of all the owners. Hence decisions of other jurisdictions relating to such policies are not applicable here.

If the action is joint it follows that recovery on the policy is prevented by the fraudulent act of either of the assured whether participated in by the other or not: Monaghan v. Agricultural Fire Ins. Co., supra; for by the express terms of the contract the policy is rendered void by the "fraud, attempted fraud or false swearing of the assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." The testimony offered to show the fraudulent burning of the automobile would be admissible upon amendment of the action so as to include both of the assured as plaintiffs.

If the parties to this transaction, by reason of the advantages expected from a joint policy, adopted that form of contract they took it subject to all the disadvantages incident to it, including the risk of the policy being invalidated by the fraudulent act of either. They might have protected themselves against such a

contingency by a provision similar to the usual mortgage clause above referred to. In the absence of such a provision a separate action does not lie on the policy in favor of either of the assured.

The judgment is reversed.