Emil **KELLNER** and Natalie Kellner, his wife, Plaintiffs,

v.

**ROYAL INDEMNITY COMPANY, Defendant,**

v.

**WHAMB LEASING, INC., t/a Montgomery Sportswear, Inc., et al., Additional Defendants.**

### Civ. No. 81–0299.

United States District Court, M.D. Pennsylvania, Civil Division.

May 14, 1982.

See also, D.C., 605 F.Supp. 326.

Martin J. Meyer, Kingston, Pa., for plaintiff.

Clifford A. Rieders, Murphy, Mussina, Harris & Rieders, Williamsport, Pa., for third party defendants Whamb Leasing, Inc. T/A Montgomery Sportswear, Inc., Miss Cassie Fashions and George F. Heim, Jr.

Cozen, Begier & O'Connor, David R. Strawbridge, Philadelphia, Pa., for Royal Indem. Co.

Jeffrey B. Rettig, Harrisburg, Pa., for Aetna Cas. & Sur. Co.

Timothy E. Foley, Bour, Gallager, & Foley, Scranton, Pa., for Royal Indem. Co. (defendant).

Miller, Kistler & Campbell, Inc., Richard L. Campbell, State College, Pa., for U.S. Cas. Corp.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

These actions, filed against Aetna Casualty & Surety Company (hereinafter "Aetna") and against Royal Indemnity Company ("Royal") on July 28, 1980, and on March 4, 1981, respectively, seek recovery of insurance proceeds allegedly due under co-extensive policies. On July 6, 1981, the cases were joined for administrative purposes. Presently before the Court are motions for summary judgment filed by Royal and United States Casualty. For the reasons set forth below, the motions will be granted.

It is, of course, well settled that for a moving party to prevail on a motion for summary judgment, he must show (a) that there is no genuine issue as to any material fact, and (b) that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); See WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL SECTION 2712. Thus the Court cannot try

issues of fact on a Rule 56 motion, but only is empowered to determine whether there are issues to be tried. *Janek v. Celebreeze*, 336 F.2d 828 (3rd Cir.1964). Finally, in determining whether an issue of material fact does exist, all inferences must be drawn against the moving party. See 6 MOORE'S FEDERAL PRACTICE ¶ 56.-04[2]. The following facts are undisputed.

On January 30, 1979, the Plaintiffs and the Industrial Development Authority of the City of Wilkes-Barre,[1] Pennsylvania, were the equitable and legal owners, respectively, of certain improved real estate located in Jersey Shore, Pennsylvania, when Aetna issued a policy of insurance covering the property.

On August 24, 1979, the Plaintiffs entered into a lease-purchase agreement with a certain George F. Heim, Jr. ("Heim"), for the sale of the property effective August 15, 1979. By virtue of said agreement, the Plaintiffs remained as legal owners of the property and Heim was the equitable owner. In accordance with the agreement, Heim had obtained a binder of insurance issued by Royal on August 24, 1979, which named the Plaintiffs as additional insureds.

On August 25, 1979, the premises in question—a brick building housing Heim's clothing manufacturing business—was damaged and rendered untenantable by a fire subsequently determined to be of incendiary origin. The Plaintiffs promptly submitted to Aetna all notices and proofs of loss required by that policy; and, as additional insureds, submitted all notices and proofs of loss which they anticipated would be required by Royal.[2] Aetna paid the Plaintiffs an amount equal to about 31% of their claim; Royal refused to tender any payment. The instant lawsuits were commenced presently.

It has been Royal's position throughout these proceedings that Heim intentionally concealed the true origin of the fire and submitted statements in proof of loss that were fraudulent. On June 12, 1981, Royal had filed a Third-party Complaint alleging these matters against Heim personally and several business entities owned by him. Additional Third-party Defendants thereunder were United States Casualty, an authorized agent of Royal, and Aetna, allegedly the primary insurer. By agreement of counsel, the trial in the instant matter was deferred pending the outcome of litigation by Heim against Royal in the Court of Common Pleas for Lycoming County, Pennsylvania. On January 12, 1982, a verdict favorable to Royal was returned in that case. The jury answered affirmatively a special interrogatory inquiring whether Heim had conspired with the arsonist to set the fire.

The thrust of Royal's motion for summary judgment is as follows: Royal first maintains that the instant Plaintiffs are precluded from relitigating issues concerning fraudulent acts by Heim under the doctrine of collateral estoppel. Since under Pennsylvania law the fraudulent act of an insured will prevent recovery of another insured when their interests are joint, the argument continues, the instant Plaintiffs are barred from recovery against Royal based upon principles of res judicata. Accordingly, Royal concludes, it is entitled to judgment as a matter of law.[3]

Pennsylvania law requires that four prerequisites be satisfied in order to invoke collateral estoppel:

"1) the issue decided in the prior adjudication was identical with the one presented in the later action,

---

1. We omit further mention of the Industrial Development Authority in this Discussion in that the Authority is neither a party, a named insured, an additional insured, nor a loss payee in the policy under consideration today.

2. The fire having occurred a mere two days after execution of the binder, Royal had no opportunity to issue an actual policy.

3. Royal had added United States Casualty, its authorized agent, as a Third-party Defendant, alleging that the latter had failed to observe a specific Royal directive limiting the amount of coverage to be extended on this property. United States Casualty, which has conceded its duty of indemnification in the event Royal is held liable, thus joins in Royal's motion for summary judgment, since its liability here is derivative.

2) there was a final judgment on the merits,

3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and

4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action."

*Pub. Sev. Mut. Ins. Co. v. Cohen,* 616 F.2d 704, 707 (3rd Cir.1980), quoting *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). In effect, it is the requirement of privity that Aetna attacks. However, since it is undenied that the Plaintiffs were in privity with Heim at the outset by virtue of the purchase and sale agreement, Aetna must show that the Plaintiffs held a separate and distinct—and separately insurable—interest in the property, and that Heim's fraud does not vitiate the policy's coverage as to them.

In opposing Royal's motion, therefore, Aetna argues that the Plaintiffs were neither joint parties to the contract of insurance with Royal, nor partners on the binder, nor co-insureds on the policy. Aetna further asserts that the Plaintiffs were not co-owners of the property with Heim but were only sellers under a sales agreement, whereas Heim had possession of an equitable title to the property. Finally, Aetna suggests that there is a material issue of fact as to the intent of the parties to the insurance contract which prevents the imposition of summary judgment.

The principal case relied on by Royal is *Bowers Co. v. London Assurance Corp.,* 90 Pa.Super. 121 (1926), which involved the sale of an automobile under a bailment lease that required the purchaser/lessee to maintain insurance over the life of the lease against loss or damage by fire payable to the seller and purchaser "as their interests might appear."[4] *Id.* at 123. The automobile was destroyed by a fire, subsequently determined to be the fraudulent

act of the purchaser. When the insurance company refused payment to either the purchaser or the seller, the latter brought suit. The trial court held that the contract of insurance was several and not joint and that evidence of the purchaser's fraudulent burning was therefore irrelevant as to the seller's action against the insurer. The Superior Court reversed both these holdings.

Aetna seeks to distinguish *Bowers* on two grounds: that in *Bowers* the two insureds were both named as insureds, whereas here the Plaintiffs are listed as additional insureds; and that in *Bowers* the proof of loss was signed and sworn to by both named insured, but here the proof of loss was filed only by the Plaintiffs. We find neither of these arguments compelling.

In discussing the interests of the purchaser and seller in the policy of insurance the *Bowers* Court stated:

"Both Perry [the purchaser] and the Bowers Co. had insurable interests in the automobile. Each could have insured his interest separately, in which event neither would have been affected by the other's individual fraudulent act. In case of a fire, each would have recovered in a separate action his respective loss or damage without regard to recovery of the other. Neither would have been precluded by the result of the action brought by the other, nor could they have been compelled to interplead. But two policies would have been required and full premium paid on the maximum insurable interest of each.... The course adopted was less expensive, or less troublesome, and as long as neither party violated the contract furnished ample protection to both at minimum expense. The interests of both parties together formed one complete legal and equitable title to the property which was the subject of insurance. As Perry made his monthly payments his interest in the

---

**4.** This phrase contemplated the fact that over the life of the policy the purchaser would be making payments to the seller and, thus, their

respective interests in the property would periodically change.

automobile increased and the Bowers Company's interest decreased, until if and when the full contract price was paid, Perry's interest was the whole and the Bowers Company's nothing; but until that result was obtained they did not have separate and distinct interests in the *policy* —as distinguished from the automobile—, which each could enforce by his own separate action irrespective of the rights of his joint assured. Their rights were interrelated. 90 Pa.Super. at 124. (emphasis in text)

In light of the Superior Court's analysis, we conclude that Aetna's attempted distinction regarding the Plaintiffs' status as additional insureds under the instant policy is semantical and, under the facts of this case, without legal effect.[5] We are likewise unpersuaded by Aetna's other arguments. The execution of proof of loss documents solely by the Plaintiffs in no way affects their entitlement to proceeds under the Royal policy. As the above-quoted discussion makes clear, the question of the seller's culpability concerning the fraudulent scheme was not an element of the *Bowers* Court's analysis. So too, the intent of the parties was irrelevant in *Bowers*, 90 Pa.Super. at 125, and therefore, arguments raising such issues here must be deemed immaterial.

 We thus find that, under the facts of this case, the Plaintiffs' privity with Heim remains undisturbed; and that they are therefore collaterally estopped from contesting the Lycoming County verdict as to Heim's participation in the arson conspiracy. Since Pennsylvania law recognizes no distinction between the Plaintiffs' and Heim's respective interests in the Royal policy, the fraudulent act of one insured will bar the recovery of all. Accordingly, we hold that Royal Indemnity and, by logical extension, United States Casualty are entitled to judgment as a matter of law.

An appropriate Order will be entered.

---

5. Aetna's citation to contrary holdings from other jurisdictions do not cause us to question the vitality of this "clear albeit somewhat vintage

position of the Pennsylvania courts." See, *Mele v. All-Star Insurance Corp.*, 453 F.Supp. 1338, 1342 (E.D.Pa.1978).