## PATRICK SULLIVAN & wife *vs.* JEREMIAH RYAN.

Bristol.    Oct. 26, 1880. — Jan. 8, 1881.    AMES & ENDICOTT, JJ., absent.

If land, which is subject to an easement, is devised "subject to all incumbrances thereon," the fact that the testator had been in the habit of using the land in connection with his adjoining land does not make such mode of use an incumbrance; nor is such a construction aided by the fact that the testator devised his remaining land to two persons in severalty, and imposed an easement on each part for the benefit of the other.

TORT for breaking and entering the plaintiff's close in Fall River, and erecting certain structures and depositing rubbish thereon. Trial in the Superior Court, before *Putnam*, J., who ruled that the defendant had no right to do the acts complained of; ordered a verdict for the plaintiffs; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and the case to stand for trial. The facts appear in the opinion.

*J. W. Cummings*, for the defendant.

*A. J. Jennings*, (*J. M. Morton, Jr.*, with him,) for the plaintiffs.

MORTON, J. Both parties to this suit derive their titles from Timothy O. Sullivan, who, at the time of his death, owned the lots of the plaintiff and defendant, and also a third lot adjoining that of the defendant on the south and at the corner of Town Avenue and Central Street. By his will, Timothy O. Sullivan devised to his son, Timothy Sullivan, under whom the plaintiff claims, "my house and lot, which I purchased

of George Brightman 2d and John S. Cotton, with the privileges to the same belonging, and subject to the incumbrances thereon."

By the deed of Brightman and Cotton the lot devised was made subject to several rights of way, which were existing easements upon it at the death of the testator.

The devise to Timothy is unambiguous, and clearly gives to him the fee of the land subject only to such existing incumbrances or easements upon it. The facts, offered to be shown by the defendant, that Timothy O. Sullivan, while he was owner of the three lots, used the lot devised to Timothy for the purposes of maintaining on it stairways and woodsheds used in connection with the other lots, and of depositing on it ashes and rubbish, are immaterial. Such use would not create an easement which, upon the conveyance or devise of the plaintiff's lot, without any words of exception or reservation, would be, as against it, annexed to the adjoining lot.

But the defendant contends that, taking the whole will together, it appears to have been the intention of the testator that the lot devised to Timothy should be subject to the right or privilege in favor of the other lots of making such use of it for these purposes as the testator was accustomed to make in his lifetime. We are not able to find in the will any indications of such an intention.

He devises to his son John T. Sullivan the lot at the corner of Central Street and Town Avenue, "subject also to any incumbrance in favor and for the benefit of the owner or owners of my house and lot next northerly of and adjoining to the lot which has heretofore existed, my will being, as these two lots, on account of their being so small, cannot be conveniently occupied and enjoyed without some privileges by the occupants and owners of the one or the other, that these two houses, which have never been divided by any fixed boundary line, shall be subject to the same incumbrance, and entitled to the same privilege in the enjoyment thereof, by the occupants or owners of each, that they have been held subject and entitled to while under my control."

He next devises to his son Daniel R. Sullivan, under whom the defendant claims, the lot next adjoining the lot devised to

John T. " with all the privileges to said house and lot hereby devised to said Daniel R. belonging, and subject to all the in cumbrances thereon, said privileges and incumbrances being the same, in respect to the use and occupation of said house and lot, that they have been by me held and permitted to be while said house and lot were in my control."

In these two clauses, he is dealing merely with the two lots therein devised. His apparent purpose is to give to each lot some privileges and easements in the other, without which in his judgment neither could be conveniently occupied and enjoyed. He makes no mention of any privileges or easements in favor of these two lots against the lot subsequently devised to his son Timothy. He then proceeds, in the next clause, to devise to his son Timothy his third lot, " with the privileges to the same belonging, and subject to the incumbrances thereon," with no words implying that he intended to create any new easements in favor of the adjoining lots. We can see no evidence that he intended to restrict the natural import of the language of this devise, and to impose upon the lot devised any easement except what already legally existed upon it.

It is reasonable to suppose that, if he had intended to impose upon this lot the privileges and incumbrances which he had imposed upon the other two lots, he would have so expressed himself. The fact that he did not do so is very strong evidence that his intentions as to this lot were different from those which governed him as to the others.

We are therefore of opinion that the ruling at the trial was correct                               *Judgment on the verdict.*