# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

DELIA M. LUCIER *vs.* JOSEPH E. DUBE.

Essex.    May 16, 1932. — June 28, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Way*, Private.    *Easement.    Deed*, Boundary.    *Boundary.*

At the hearing of a petition in the Land Court for the registration of title to land, it appeared that three men, owners of a tract of land bordering on a street running north and south, caused to be made a plan of the tract showing a division of the tract into lots, between two of which was shown a forty-foot way running westerly from the street; that the owners thereafter conveyed to the petitioner's predecessor in title the lot at the north corner of the street and the way by a deed in which the south boundary of the lot was "running west by" the way and the east boundary was "south by said" street "to" the way; that one of such men was the owner of another tract of land adjoining the first tract on the west; that on the plan the lines of the way were extended westerly across the second tract to a certain road; that subsequent to said conveyance, the owner of the second tract conveyed it to a predecessor in title of the respondent, by deed which made no mention of the plan or way, but gave the grantee the right to use the road in common with others; that shortly thereafter the owners of the first tract conveyed to the grantee of the second tract the right to use the way in common with others; and that the respondent subsequently became owner of a portion of the second tract. The petition concerned the north half of the way adjacent to the petitioner's lot. The trial judge, ruling that the presumption, that land bounded in a deed to and along a way extends to the center of the way, does not apply where a contrary intent on the part of the parties to the

deed appears, found and ruled that the deed to the petitioner's pred-ecessor of the lot conveyed title to the center line of the way. Upon exceptions by the respondent, without a report of the evidence, it was *held,* that

(1) It must be assumed that the trial judge found all facts required to be found before instructing himself as to the law which governed his decision;

(2) Assuming that there were such preliminary findings, there was no error in the finding and ruling that the deed to the petitioner's predecessor conveyed title to the center line of the way.

At the hearing above described, the trial judge, upon consideration of the physical aspects of the lands in question, further found that, even if the owners of the first tract had owned the second tract, there would not have been an implied reservation of an easement over the way as an appurtenance to the respondent's land, and that the titles to the two tracts were separate; and further ruled that "no easement appurtenant to the respondent's land over the petitioner's land can be implied by reservation or otherwise from the deeds under which the parties hold title," and that the petitioner was entitled to registration of the land concerned in the petition free of any right in the respondent to an easement over it. *Held,* that there was no error in such rulings.

PETITION, filed in the Land Court on October 7, 1931, for registration of the title to land in Haverhill.

The case was heard by *Corbett,* J. The sketch on page 3 shows the substance of the plan mentioned in the opinion. It did not appear which lot on the plan was owned by the respondent. The judge in his decision stated as follows:

"A grantor of land may by an exception or reservation create an easement in the land granted for the benefit of his remaining land. . . . But where there is a grant of land without express reservation of easements there can be no reservation by implication unless the easement is strictly one of necessity. . . . But the necessity thus required is not an absolute physical necessity but merely a reasonable necessity for the use and enjoyment of the dominant estate and the right must have been in use at the time of the grant. . . .

"In Jones on Easements, § 136, it is stated 'There is no implied reservation of an easement in case one sells part of his land over which he has previously exercised a privilege in favor of the land which he retains unless the burden is apparent, continuous and strictly necessary for the enjoyment of the land retained.'

PLAN OF LOTS ON ALTAMONT AND LA SALLE STREETS OWNED BY
HOYT, JENNINGS & KENNEDY, MARCH, 1892.

"In the present case there was no way apparent, or in existence, at the time of the conveyance of said lots numbered 4 and 5 on the Hoyt plan. For a long time thereafter there was no such way. Witnesses for the respondent testified that the land in question appeared to be a vacant and neglected building lot, so that even if the grantors of said lots numbered 4 and 5 were the owners of the adjoining land, a part of which is now owned by the respondent, there was no implied reservation of an easement over the way in question appurtenant to the respondent's land. But they were not the owners of the Jennings 'tract.' The titles of the two tracts were separate, distinct and independent, even though 'Jennings' was one of the tenants in common of the Hoyt tract. The plan shows a double line which the respondent's engineer said marked the two parcels. The plan itself showed a division of land 'owned by Hoyt, Jennings and Kennedy.' It is so stated thereon. The division of that land gave the measurements of the front and side lines of the lots. No measurements appeared on the Jennings tract. In the deeds of the Jennings land no reference was made to any plan nor to the way in question. An examination of the plan shows that it was intended to be a development of the Hoyt tract. This is further evidenced by the deeds of lots appearing thereon. The plan of the Jennings tract indicated a proposed development which was never carried out and no lots were sold thereunder.

"Therefore no easement appurtenant to the respondent's land over the petitioner's land can be implied by reservation or otherwise from the deeds under which the parties hold title."

Other material portions of the decision appear in the opinion. The respondent requested the following rulings:

"1. Upon all the evidence in the case the petitioner is not entitled to prevail.

"2. Upon all the evidence in the case the respondent has an easement of travel over the right of way forty feet in width lying between the land of the petitioner and one Allard.

"3. When land in a deed is bounded to and along a way, it is only a presumption of fact that the land conveyed extends to the center of the way.

"4. If there are extrinsic circumstances which indicate a contrary intention on the part of the parties to the instrument, this presumption does not apply.

"5. The fact, if it be a fact, that the grantors owned other land abutting the way in question is some evidence that they did not intend to convey the fee in the way.

"6. The fact that the grantors owned other land along the way and did not reserve to themselves the right to use the way, is some evidence that they did not intend to convey the fee to the way by the deeds to Lucier and Allard.

"7. The fact that the two parcels were conveyed by separate deeds is some evidence that it was not intended to convey the fee in the way in question.

"8. The fact that the deed from the grantors to Allard started at a monument, namely, the intersection of a street and the right of way in question, is a presumption that they did not intend to convey the fee in said way. This presumption has not been rebutted by facts showing a contrary intention.

"9. The fact that a predecessor in title of Dube, the respondent, was an owner in common with other grantors of the land conveyed to Allard and Lucier, owned land adjoining the right of way in question, he retained a beneficial interest in said right of way for the benefit of his land, which beneficial interest he could subsequently grant and did in this case grant to Dube, the respondent."

The judge gave requests numbered 3 and 4 and refused the others. The petitioner requested and the judge gave the following rulings, among others:

"1. On all the evidence, the petitioner is entitled to a decree authorizing the issuance of a certificate of title covering the property in question free from any right in the respondent, Joseph E. Dube to an easement over the same."

"7. The respondent's predecessor in title, Herbert B. Newton, by the deed from E. A. Jennings dated November

13, 1893, . . . did not acquire any right of way over the land in question.

"8. The respondent's predecessor in title, Herbert B. Newton, by the deed from Jennings, Hoyt and Kennedy dated November 20, 1893, . . . did not acquire any right of way over the land in question.

"9. After the execution and delivery of the deed from said Jennings to said Newton, dated November 13, 1893, the easement over the land in question was extinguished and could not be revived subsequently by the deed signed by said Jennings, Hoyt and Kennedy.

"10. The description contained in the deed from Jennings to Newton, the respondent's predecessor in title dated November 13, 1893, indicates a purpose to abandon the layout on the plan referred to in the previous deed from Jennings, Hoyt and Kennedy to the petitioner's predecessor in title . . . and manifested no intention of granting to said Newton an easement over the land lying between lots 4 and 5 as shown on said plan.

"11. To determine who was entitled to use the right of way mentioned in the deed from Jennings, Hoyt and Kennedy to the petitioner's predecessor in title . . . reference must be had to the plan referred to in said deed.

"12. A proper construction of the deed from Jennings, Hoyt and Kennedy to . . . [the petitioner's predecessor in title] and the plan referred to in said deed requires a finding that the right of way was appurtenant to such other lots belonging to the grantors set forth on said plan which might find it necessary or convenient to use said way in reaching the public highway.

"13. There is no evidence that it was intended by Hoyt, Jennings and Kennedy to make the right of way referred to in the deed from them to . . . [the petitioner's predecessor in title] appurtenant to the land owned by Jennings alone, which was partially subdivided into lots on the plan referred to in said deed."

The respondent alleged exceptions.

The case was submitted on briefs.

*F. H. Magison & J. T. Fitzgerald,* for the respondent.

*J. M. Hogan & D. P. Curran,* for the petitioner.

PIERCE, J.   This is a petition brought in the Land Court to register title to a strip of land forty feet wide on Altamont Street, Haverhill.   It is shown on a plan filed with the petition.   The respondent, an adjoining owner on the west of the locus, claims a right of way for all purposes over the land described in the petition.

It appears by the examiner's abstract of title that in the year 1890 Charles M. Hoyt, Edwin A. Jennings and Dennis T. Kennedy acquired title to a large tract of land on Altamont Street of which the locus is a part.   Shortly thereafter they caused a plan of it to be made showing a subdivision of said tract into house lots.   The plan with the examiner's abstract of title shows lots numbered 1 to 12 on Altamont and Olive streets, and lot 13 on Pilgrim Road.   Between lots numbered 4 and 5 is a way forty feet wide. This plan also shows an adjoining tract of land marked "Jennings" upon which are lots numbered 1 to 13 and a large lot which fronts on Broadway.   The said Jennings is the same person who was one of the cotenants in the other tract.   On this plan the lines of the way over the Hoyt tract are extended across said Jennings tract to Pilgrim Road.   On May 3, 1892 (as shown by the respondent's brief), the said Hoyt, Jennings and Kennedy conveyed to the petitioner's predecessor in title lot 5 on their subdivision plan.   The description in their deed is as follows: "Beginning at the southeast corner thereof by said Altamont Street at its junction with a private way; thence running west by said private way 128 feet to land of E. A. Jennings; thence north by said Jennings 50 feet to lot #6 on a plan of land of grantors; thence east by said lot #6 130 feet to said Altamont Street; thence south by said Altamont Street 50 feet to said private way and point begun at, being lot #5 on said plan."   On May 27, 1891 (as shown by the respondent's brief), the said grantors conveyed lot 4 on the plan to Joseph W. Allard whose heirs or devisees are now the owners thereof.

The respondent is the owner of a part of the land which

adjoins the tract formerly of Hoyt and his two cotenants and which is marked "Jennings" on said plan. In the year 1893 Jennings made a conveyance of his tract to Herbert B. Newton. In this deed no mention was made of any plan or of any interior road or lots. "It did, however, include said thirteen lots and the large lot on Broadway. The deed granted an appurtenant right to use Pilgrim Road in common with others for all the purposes of a street. A week later the said tenants in common purported to convey to said Newton 'the right to use in common with others for all purposes of a street' the said private way upon which said lots #4 and #5 bounded. These two deeds to Newton were executed subsequent to the conveyances of said lots #4 and #5."

At the close of the trial the petitioner made fourteen requests for rulings; of these ten were given and four refused. The respondent made eight requests for findings of fact, which were refused except as recited in the decision. The evidence is not reported. The respondent also made nine requests for rulings of law; those numbered 3 and 4 were given and the others refused. Number 3 reads: "When land in a deed is bounded to and along a way, it is only a presumption of fact that the land conveyed extends to the center of the way"; and number 4: "If there are extrinsic circumstances which indicate a contrary intention on the part of the parties to the instrument, this presumption does not apply."

It must be assumed that the trial judge found all facts required to be found before instructing himself as to the law which governed his decision. Assuming that there were such preliminary findings, there was no error, as the respondent contends there was, in the finding and ruling that the said deeds of lots numbered 4 and 5 conveyed titles to the middle line of that way and that the petitioner now holds title to the northerly half thereof which is the locus in this proceeding. *Crocker* v. *Cotting*, 166 Mass. 183, 185. *Gould* v. *Wagner*, 196 Mass. 270. *Boston Five Cents Savings Bank* v. *Massachusetts General Hospital*, 255 Mass. 583, 585. The contention of the respondent that the grantors did not

intend to convey the fee to the predecessor in title of the petitioner overlooks the fact that the title of the petitioner, such as it was, preceded in time the attempted grant of an easement over the same locus to Newton and would, if effected, enlarge the existing servitude upon the petitioner's. fee, which was determined as of the date of the deed to the predecessor in title of the petitioner.

The respondent's exception, taken to the ruling of the trial judge, that no easement appurtenant to the respondent's land over the petitioner's land can be implied by reservation or otherwise from the deeds under which the parties hold title must be overruled. There is no implied reservation of an easement in case one sells part of his land over which he has previously exercised a privilege in favor of the land which he retains unless the burden is apparent, continuous and strictly necessary for the enjoyment of the land retained. *Carbrey* v. *Willis*, 7 Allen, 364. *Sullivan* v. *Ryan*, 130 Mass. 116. *O'Brien* v. *Murphy*, 189 Mass. 353. *Apsey* v. *Nash*, 229 Mass. 77.

It is not necessary to consider whether there was error in the third ruling "that even if the respondent's predecessors in title had an easement over petitioner's land it has been lost by their own actions and conduct even though no use was made by the petitioner inconsistent with its further existence." *Arcisz* v. *Pietrowski*, 268 Mass. 140. *Les* v. *Alibozek*, 269 Mass. 153.

We have considered all exceptions argued by the respondent and find no error in the rulings of the judge. All other exceptions are deemed to be waived.

*Exceptions overruled.*