INDEMNITY INSURANCE COMPANY OF NORTH AMERICA *vs.*
ERNEST G. PAIGE.

Norfolk.    December 7, 1936. — March 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Contract,* Implied. *Mistake. Pledge.*

A pledgor of securities was not entitled to retain the proceeds of their sale received by him from a stockbroker with knowledge that the payment was made through a mistake of fact on the part of the stock-

broker, to whom by his authority and that of the pledgee the securities had been delivered for sale with directions to account to the pledgee.

Negligence of an employee of a stockbroker in the payment of money to the wrong person by mistake of fact did not preclude recovery of the money by the stockbroker where nothing occurred after the payment in the way of a change in the position of the one who received the money which rendered recovery unconscientious.

CONTRACT. Writ in the District Court of East Norfolk dated July 1, 1935.

The Appellate Division for the Southern District ordered dismissed a report by *Mulhall*, J., who found for the plaintiff in the sum of $2,623.11 and interest. The defendant appealed.

*M. H. Goldman*, (*S. Fishman* with him,) for the defendant.

*M. Jenckes*, for the plaintiff.

FIELD, J. This action of contract was brought in a district court to recover money paid by the plaintiff's assignor, Elmer H. Bright and Company, to the defendant. The declaration is in two counts, the second count having been added by motion allowed at the trial at the close of the evidence and amended by motion allowed by the Appellate Division. The trial judge denied certain so called requests for rulings made by the defendant and made certain so called rulings requested by the plaintiff, made special findings of fact and found for the plaintiff. There was a report to the Appellate Division which was dismissed. The defendant's contentions are directed to the allowance of the amendment of the declaration at the trial, the admissions and the exclusions of evidence and the denial of the requests for rulings made by him.

1. Several requests for rulings — somewhat different in form — denied by the trial judge, present the question whether the finding for the plaintiff was warranted by the evidence. See *Pacheco* v. *Medeiros*, 292 Mass. 416, 419. "The general and special findings . . . are to stand if warranted upon any possible view of the evidence and not vitiated by error of law. And the general finding imports findings of fact, so far as warranted by the evidence, not inconsistent with the special findings." *Commissioner of*

*Banks* v. *Chase Securities Corp.* 298 Mass. 285, 290. In accordance with these principles the finding for the plaintiff was warranted.

The transaction in outline, as the evidence tends to show and the trial judge in substance found, was as follows: The defendant was indebted to the Granite Trust Company — herein referred to as the bank — in the sum of $2,430 on three notes, one for $1,450 due November 7, 1934, one for $800 due November 9, 1934, and one for $180 due later. The first two notes were secured by pledge of securities owned by the defendant, the third was secured otherwise. On November 5, 1934, certain of the pledged securities were delivered to Elmer H. Bright and Company — herein referred to as the brokers. These securities were sold and the proceeds of the sale (or sales) amounted to $2,623.11 and $310.18. On November 7, 1934, the brokers gave the defendant a check for $2,623.11. This check was collected by him. On November 9, 1934, the brokers paid to the bank the sum of $2,623.11 and "also the balance of the proceeds of the sale of $310.18." Thereafter the bank settled its account with the defendant, delivered to him the notes as paid and discharged, and also delivered to him the unsold securities which had been pledged. The brokers' assignee brings this action to recover from the defendant the sum of $2,623.11, the amount paid to him, as above stated, on the ground that the payment was made by mistake.

The defendant contends that the payment to him was not made by mistake but, rather, that the securities sold by the brokers were sold for his account and that he, and not the bank, was entitled to the proceeds of such sale. He contends that, since his notes were not due when the pledged securities were delivered to the brokers, the bank had not then the right to sell them, and that when they were delivered to the brokers the bank lost its lien thereon. But, even if findings could have been made supporting these contentions, the contentions are met by special findings — or by findings not inconsistent therewith which the general finding imports — warranted by the evidence. And

findings of fact, as such, are not reviewable on this appeal. *Woodman* v. *Haynes*, 289 Mass. 114, 116.

According to warranted special findings the bank was authorized by the defendant to deliver the pledged securities in question to the brokers to be sold by them for the purpose of "liquidating" obligations of the defendant to the bank, and the bank made such delivery, receiving a receipt for the securities running to it, and instructed the manager of the brokers' Quincy office to pay the proceeds of the sale of the securities to the bank, which the manager agreed to do. The conclusion follows from these facts that it was the duty of the brokers to make such payment to the bank — and not to the defendant — whether or not, as to third persons, the bank lost its lien on the securities by delivering them to the brokers. See, however, *Kellogg* v. *Tompson*, 142 Mass. 76, 79. This conclusion is not inconsistent with the special finding that the defendant "advised the bank that he had notified Elmer H. Bright & Co. about the sale of his stocks, and he wanted to deliver the stock personally to Bright but the bank refused to allow him to do so." Evidence contrary to this conclusion and to the special findings could have been disbelieved. Furthermore, from these findings it could have been inferred that the defendant knew that he was not entitled to receive from the brokers the proceeds of the sale of the securities.

The trial judge made the following special findings which were warranted by the evidence: "Through mistake on the part of Bright & Co., they turned over to the defendant on Nov. 7, 1934, $2623.11 . . . . This check the defendant cashed . . . . On Nov. 8, 1934, the defendant called at Bright & Co. and requested a check for the balance of $310.18. Bright & Co. refused to give him the $310.18 and advised the defendant of its error, and further advised him that they had stopped payment on their check of $2623.11. . . . Bright & Co. were obliged to and did pay the check . . . which the defendant cashed . . . . When Bright & Co. delivered to the defendant the check . . . they did so under a mistaken belief that the money was due the defendant, coupled with negligence on the part of one of its em-

ployees. The defendant accepted and cashed the check . . . and he knew that he was neither legally nor morally entitled to the same, and he also knew that he was committing a fraud on Bright & Co."

The "mistaken belief that the money was due the defendant," under which the brokers delivered the check to the defendant, was not necessarily a mistake of law. Such delivery was not itself payment (*Wasilauskas* v. *Brookline Savings Bank*, 259 Mass. 215, 218–219), and the brokers had a right to stop payment of the check before it was cashed. *Universal Supply Co.* v. *Hildreth*, 287 Mass. 538, 539. The facts that the defendant was not entitled to the proceeds of the sale and that, shortly after the check was delivered to him, the brokers attempted — though unsuccessfully — to stop payment thereon and refused to pay the defendant the balance of the proceeds of the sale of securities in the circumstances shown, warranted the inference· that the check was delivered to the defendant by reason of a misapprehension by the brokers of the facts and not by reason of an erroneous view held by them of the law as to the liability of the defendant. See *Gold Brand Confectionery, Inc.* v. *Dimick*, 276 Mass. 386, 389. These facts when considered in connection with the facts — which could have been found — not only that the defendant knew that he was not entitled to the proceeds of the check but also that he did not mention this fact to the brokers, and, in spite of this fact, collected such proceeds from them, would support a finding for the plaintiff. *Trecy* v. ·*Jefts*, 149 Mass. 211. *Blanchard* v. *Low*, 164 Mass. 118, 121. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 155. See also *Pearson* v. *Lord*, 6 Mass. 81; *Appleton Bank* v. *McGilvray*, 4 Gray, 518; *Quimby* v. *Carr*, 7 Allen, 417, 419; *Commonwealth* v. *Haupt*, 10 Allen, 38, 40–41; *Merchants' National Bank* v. *National Eagle Bank*, 101 Mass. 281, 285; *Gold Brand Confectionery, Inc.* v. *Dimick*, 276 Mass. 386, 389. The special finding of "negligence on the part of one of . . . [the brokers'] employees" does not preclude recovery where, as could have been found, nothing "occurred subsequently to the payment,

which renders it unconscientious to recover the money back," because of change in the defendant's position. *Appleton Bank* v. *McGilvray*, 4 Gray, 518, 523. See also *Quimby* v. *Carr*, 7 Allen, 417, 419; *Merchants' National Bank* v. *National Eagle Bank*, 101 Mass. 281, 285; *Worcester North Savings Institution* v. *Farwell*, 292 Mass. 568, 574.

2. The denial of the other so called requests for rulings made by the defendant was not error. They need not be discussed separately. Some of the requests were for findings of fact which, even if warranted by the evidence, the judge was not required to make. Other requests were for rulings which stated the law incorrectly or were rendered immaterial by special findings. Nor was there prejudicial error in the admission or exclusion of evidence. And no question with respect to the propriety of the allowance of the amendment of the declaration at the trial is reported so as to be before us for decision. *Woodman* v. *Haynes*, 289 Mass. 114, 116. See, however, G. L. (Ter. Ed.) c. 231, §§ 51, 141; *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 354. Nor is any other question relating to the pleadings presented by the report. No one of the rulings requested was based upon the pleadings. *Pacheco* v. *Medeiros*, 292 Mass. 416, 419.

*Order dismissing report affirmed.*