FRANK HOWARD *vs.* MALDEN SAVINGS BANK.

Suffolk.    April 5, 1937. — May 23, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Agency,* What constitutes. *Corporation,* Officers and agents. *Savings Bank. Practice, Civil,* Requests, rulings and instructions.

There was no error in the denial by a judge, hearing an action without a jury, of a request that "upon all the evidence the plaintiff is entitled to recover," where the evidence did not require a finding for the plaintiff.

The mere fact that one held the office of treasurer of a savings bank, or of assistant treasurer performing the duties of the treasurer, did not require a finding that he had authority to bind the bank on a contract to pay a real estate broker a commission.

CONTRACT. Writ in the Superior Court dated October 17, 1935.

The action was heard by *Sisk,* J.

*C. M. Goldman*, for the plaintiff.

*F. W. Campbell*, for the defendant.

FIELD, J. This action of contract to recover a commission for procuring a customer for real estate owned by the defendant savings bank was tried before a judge sitting without a jury who found for the defendant. The plaintiff's exceptions to the denial of requests made by him and to the granting of requests made by the defendant bring the case here.

The declaration is in two counts, one on an account annexed and one on a special contract alleged to be for the same cause of action. The bill of exceptions contains all the material evidence, the "plaintiff's requests for rulings of law," the "defendant's requests for rulings"; and the judge's "findings of fact," which, with immaterial omissions, is as follows: "The plaintiff is a real estate broker doing business in Boston . . . The defendant is a savings bank located in Malden . . . The defendant was the owner of an estate in Melrose known as Undercliff Apartments. . . . The plaintiff saw E. Foster Queen, acting treasurer of the bank on or about November 10, 1934, and several times following November 10 concerning the sale of this property. He testified that Queen told him, in substance, 'You get me a buyer for the property and I will pay you full commission,' and thereupon he 'went ahead and saw several prospective customers'; that the latter part of November he secured a customer, Samuel J. Freedman, for the property, and on the same day he handed Queen a letter . . . a copy of which is annexed, from the alleged customer with a check made by said Freedman for $1,000; that Queen replied 'Fine.' Later, on the same day Queen returned the letter and check to the plaintiff and informed the plaintiff that the property had been sold. The board of investment of the bank had a meeting on November 27, 1934. At this meeting three 'offers' for this property were considered by the board including the offer of Samuel J. Freedman . . . . One of the offers other than Freedman's was accepted by the bank. Freedman's written offer to the bank differs materially from the allegations contained

in the second count of his [*sic*] declaration. On all the evidence, I find for the defendant. The plaintiff filed seven requests for rulings, annexed hereto. I deny request numbered one, and in view of my findings of fact the remaining requests become inapplicable and are refused. The defendant filed four requests for rulings, annexed hereto, all of which are given." The judge, also, by granting the defendant's fourth request that "On all the evidence Queen was not authorized to bind the defendant on any contract with the plaintiff," made a finding of fact that Queen was not so authorized. The mere circumstance that this request was described with others under a general heading, "defendant's requests for rulings," does not transform it into a request for a ruling of law. Its form imports that it was directed to a finding of fact. *Castano* v. *Leone*, 278 Mass. 429, 430–431.

The letter referred to in the findings of fact was dated November 26, 1934, addressed to the defendant, purported to be signed by said Samuel J. Freedman and stated, "I wish to submit offer to the Malden Savings Bank, through Frank Howard, agent," to purchase the real estate in question upon terms therein set forth. It stated further, "I am enclosing herewith check for $1,000, for deposit, title to pass on or before December first, 1934. In the event this offer is accepted, it is understood that the Bank will agree to carry out this transaction with my nominee."

The plaintiff cannot recover in this action without proof of an offer by the defendant to pay the plaintiff a commission for procuring a customer for the property in question, before the offer was withdrawn, able, ready and willing to acquire such property on the defendant's terms, to be accepted by performance by the plaintiff. *Pacheco* v. *Medeiros*, 292 Mass. 416, 419. And where, as here, the plaintiff relies upon an offer made by Queen as acting treasurer of the defendant savings bank, the plaintiff was required to prove that Queen had actual or apparent authority to make the offer in behalf of the defendant savings bank or that the defendant savings bank was estopped to deny his authority or ratified such offer.

"The general and special findings . . . are to stand if warranted upon any possible view of the evidence and not vitiated by error of law.   And the general finding imports findings of fact, so far as warranted by the evidence, not inconsistent with the special findings." *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 290.   *Indemnity Ins. Co.* v. *Paige*, 299 Mass. 523, 524.   The questions of law presented for decision by the bill of exceptions are whether there was error in the manner in which the judge dealt with any of the "plaintiff's requests for rulings of law" or the "defendant's requests for rulings."   We find therein no error.

1.  There was no error in the denial of the plaintiff's first request that "upon all the evidence, the plaintiff is entitled to recover."   Clearly this is not a request for a ruling that the evidence warranted a finding for the plaintiff.   It is materially different from the request considered in *Bresnick* v. *Heath*, 292 Mass. 293, 296.   The judge was not required to grant this request unless, as matter of law, a finding for the plaintiff was required, even though, as we need not decide, such a finding would have been permissible.   Such a finding was not required as matter of law.   The credibility of the testimony — apart from testimony, if any, by which the defendant was bound — and the inferences to be drawn from the evidence, within the range of permissible inferences, were for the determination of the judge as trier of fact and cannot be reviewed.   *Winchester* v. *Missin*, 278 Mass. 427, 428.   Without discussing in detail the factors essential to proof of the plaintiff's case, it is enough to say that even if Queen made an offer to pay the plaintiff a commission for procuring a customer — a fact which the judge was not required to find and did not expressly find, though he recited in his findings of fact the plaintiff's testimony to this effect, see *Engel* v. *Checker Taxi Co.* 275 Mass. 471, 475 — there was no evidence binding on the defendant which required a finding that Queen had actual or apparent authority to make the offer or that the defendant was estopped to deny his authority or ratified the offer. There was no evidence that Queen had such express authority, and there was evidence to the contrary.   The

plaintiff, however, relies particularly upon implied or apparent authority. Even if the evidence warranted a finding that Queen had such implied or apparent authority — as we do not decide (see *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 556–558) — such a finding was not required as matter of law. The plaintiff stands in no better position if the request is considered in the light of the express findings of the judge. See *Lucier* v. *Dube*, 280 Mass. 1, 8. The mere fact found by the judge that Queen was the acting treasurer of the defendant savings bank, and, as such, saw the plaintiff "concerning the sale of this property," did not necessarily import actual or apparent authority in Queen to make the offer (see G. L. [Ter. Ed.] c. 167, § 46; c. 168, §§ 16, 54, Twelfth; *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 558–559, and cases cited), and the express finding that Queen "was not authorized to bind the defendant on any contract with the plaintiff" was warranted by the evidence. Furthermore, the fact that the "offer" of Freedman contained in his letter to the defendant savings bank, incorporated in the findings, was considered by its board of investment did not necessarily import, on any principle, a promise by the defendant savings bank to pay a commission to the plaintiff.

2. There was no error in the denial of the other six requests made by the plaintiff, which were denied on the ground that they had "become inapplicable" in view of the judge's "findings of fact." These requests related directly or indirectly to the authority of Queen, acting in behalf of the defendant savings bank, to employ the plaintiff as a broker to secure a customer for the property in question. The judge found expressly that Queen was "acting treasurer of the bank," and that he "was not authorized to bind the defendant on any contract with the plaintiff." The second and third requests were expressed in general terms and called for rulings of law, respectively, that a treasurer of a savings bank, or an assistant treasurer performing the duties of the treasurer, has authority to employ a broker to secure a customer for real estate acquired by the bank by foreclosure. These requests could

not rightly have been given. Whatever implications may be drawn from the fact — either with or without other evidence — that a person is such a treasurer or assistant treasurer, it could not properly be ruled that a person holding such a position, as matter of law, irrespective of other facts, has the authority described. See G. L. (Ter. Ed.) c. 167, § 46; c. 168, §§ 16, 54, Twelfth; *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, 558–559, and cases cited. The fourth, fifth, sixth and seventh requests were based "upon all the evidence," and, though included under the general heading "requests for rulings of law," appear to have been directed to findings of subsidiary facts. *Castano* v. *Leone,* 278 Mass. 429, 430–431. *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552, 554. The fifth request was granted by the judge in substance when he made the express finding that Queen was "acting treasurer of the bank." The findings sought by the fourth, sixth and seventh requests, respectively, that Queen "had authority to employ the plaintiff as broker," that "the defendant is estopped to deny" such authority in Queen, and "had recognized" his authority, even if warranted, were not as matter of law required by the evidence. For this reason, if not for others, the requests were denied rightly. See *DiLorenzo* v. *Atlantic National Bank of Boston,* 278 Mass. 321, 324–325; *Ashapa* v. *Reed,* 280 Mass. 514. Moreover, the finding sought by the fourth request, at least, was negatived by the express and warranted finding that Queen "was not authorized to bind the defendant on any contract with the plaintiff."

3. There was no error in granting the defendant's requests. The first, second and third requests were, respectively, that "On all the evidence the plaintiff cannot recover," he "cannot recover on count 1," and he "cannot recover on count 2." It is apparent from the record as a whole that by granting these requests the judge did not intend to rule that the evidence did not warrant a finding for the plaintiff on the declaration or on either count thereof, but, rather, that he intended to find — and did find — as a fact, on the evidence, that the plaintiff had not

proved his case. See *Engel* v. *Checker Taxi Co.* 275 Mass. 471, 476; *Patterson* v. *Ciborowski*, 277 Mass. 260, 267; *Lucier* v. *Dube*, 280 Mass. 1, 8; *Keefe* v. *McCarthy*, 294 Mass. 567, 570; *Gibbons* v. *Denoncourt*, 297 Mass. 448, 456–457. For reasons already stated such a finding was warranted. Moreover, as previously indicated, there was no error in granting the fourth request — a request for a finding of fact which was warranted by the evidence.

*Exceptions overruled.*