No. 3005                Northern                Essex, ss.
GRAHAM                            (Robert L. Weiner)
v. NORTH SHORE CLEANSERS & DYERS
                                 (Ralph F. Albert)
From the District Court of Southern Essex—Foley, J.
Argued Nov. 3, 1941—Opinion filed Dec. 17, 1941

SULLIVAN, J. (Jones, P. J., and Pettingell, J.)—By this action in contract, the plaintiff seeks to recover damage to a dress, which she left with the defendant to be cleansed. Upon the return of the garment the plaintiff noticed that the sleeves were "full of holes"; that the dress was thereupon returned to the cleanser and the plaintiff was assured that it would be repaired; that after such repairs were made the dress was spoiled

and not fit to wear and that the defendant attempted to "seam down" the holes; that the plaintiff refused to accept the dress; that the dress was in good condition when left with the defendant, having been worn but five times; was a "dressy dress," never having been cleansed before. The dress was left with the defendant at the conclusion of the trial.

Previous to a trial of this cause on its merits it appears that a plea in abatement was heard alleging improper service upon the defendant by leaving the summons with an employee who was not authorized to accept service of the writ.

The plea was denied by Kiely, J., from whose decision no claim of report was made by the defendant. If the defendant was aggrieved thereby, it was incumbent on it, if it desired a further hearing to have requested a report . . . "such request for a report shall be filed with the clerk within five days after notice of the finding or decision." Rules of District Court (1940) Ruel XXVII. It failed to do so and such failure amounts to a waiver. Sometime thereafter this cause was tried upon its merits by Foley, J., who found for the plaintiff in the full sum of $14.96, the first cost of the dress.

. Of the six requests for ruling that were filed by the defendant, two are argued in its brief. "No. 1. Upon all the evidence, the court must find for the defendant. No. 6. That the Court must rule and find that this Court is without jurisdiction for lack of proper service on the defendant." The first request was properly denied as it was not in accordance with Rule XXVII of District Court Rules (1940) at page 17. *McKenna* v. *Andreassi*, 292 Mass. 213, 215, and cases cited. *Howard* v. *Malden Savings Bank*, 300 Mass. 208. Request No. 6 was rightly denied as the issue there raised was first raised in the plea of abatement which was denied by Kiely, J. The attempt of the defendant to raise an issue already passed upon by one judge adversely and then in the form of a ruling ask another judge who was hearing the case on its merits was improper.

The defendant by accepting the dress to be cleansed impliedly, if not expressly, agreed to do a workmanlike job on it and return it in nearly the same condition as to wear and tear, as when left with it. There is no evidence or contention on the part of the defendant that when the dress was left with it, it was in that condition of repair. The dress was returned a second time to the defendant to be further repaired and to be placed in wearable condition. Again it was returned to the plaintiff wherein the defendant had attempted to make further repairs, an attempt to "seam down the holes" which caused the dress to be unfit for wear. These facts constitute a breach of implied agreement to do a workmanlike job and therefore the defendant breached its contract and the trial court so found. The evidence warranted such a finding. The defendant contends that there is no evidence tending to show what caused the holes. The defendant does not contend and has presented no evidence that

the garment was left with it in that condition. It is true that there is no direct testimony as to what caused the damage to the dress but it cannot be quite said that the evidence and the permissible inference therefrom prevented a finding for the plaintiff. *Milmore* v. *Landau,* 307 Mass. 589, and cases cited.

We cannot say that the finding for the plaintiff was plainly wrong, in fact there was credible evidence to support such finding.

There is no prejudicial error apparent on the record and the report is dismissed.