Rollins, J.
This is an action for personal injuries to a boy of high school age claimed to have been sustained on January 28,1945 when the automobile which he was driving was in collision with an automobile driven by the defendant.
The declaration alleges the defendant was negligent. The answer is a general denial and also sets up the defences of contributory negligence and illegal registration. The evidence as to whether the plaintiff was injured by the collision was conflicting.
On the one hand there was testimony to the effect that the plaintiff banged his knee against the dashboard or steering post, that it became swollen, painful and tender, that his mother treated it for about a month, after which period the swelling subsided but a hard lump remained and that it hurts him when he stands very long or kneels down.
On the other hand there was evidence that the plaintiff reported the accident to two police officers on the night of *89 the occurrence but made no mention of personal injuries, that a policeman saw the plaintiff for the period of a half hour after the accident and heard no claim of personal injuries and apparently observed no evidence of any. The plaintiff lost no time from school but played basketball and football there.
No physician saw the plaintiff until he was examined by Dr. Browne the defendant’s doctor in September, 1945 or about eight months after the accident. An X-ray was taken by Dr. Record on September 15, 1945 and he interpreted the X-ray plates as showing pathology indicative of Osgood Schlatters Disease. The plaintiff was examined by his own physician, Dr. Strammer, on January 25,1946, almost exactly one year after the accident. Dr. Strammer diagnosed' the bony prominence as Osgood Schlatters Disease, aggravated by trauma. This is an adolescent, nutritional disease, which would cause the knee here affected to be tender and painful until maturity.
The plaintiff seasonably filed ten requests for rulings of law. The tenth request was ‘ ‘ The evidence requires a finding for the plaintiff. ’ ’
The Court allowed all of the requests, made a general finding for the defendant and made the following special findings of fact:
“. . . On all the evidence I find the plaintiff . . . was lawfully on the highway and was lawfully operating a motor vehicle, and was in the exercise of due care, and that a motor vehicle operated by the defendant carelessly and negligently was in collision with the automobile so operated by him. However I find on all the evidence that the plaintiff has not sustained the burden of proof by a preponderance of the evidence by showing that the injuries of which he complains were cause by the collision.”
*90 The plaintiff claiming to be aggrieved by the ruling of law contained in the last sentence of the special -finding, the case is reported to this Appellate Division for determination.
The plaintiff contends that the trial court could not, on the evidence, properly have made the quoted special finding of fact.
This finding must stand, provided that it can be supported upon any reasonable view of the evidence with all reasonable inferences of which it is susceptible. Ashapa v. Reed, 280 Mass. 514, 516, 517; Marlboro v. Lynn, 275 Mass. 394, 398; New York Central R. R. v. Whitney Co., 230 Mass. 206, 213.
Upon the evidence the trial judge might well have believed that the so-called “injury” from which the plaintiff suffered was the result of Osgood Schlatters Disease, and of that alone, and not in any part of a blow to his knee caused by the collision. He was not bound to believe any particular evidence even though it was uncontradicted. Ashapa v. Reed, supra, at page 517.
The special finding of fact of the trial judge that the evidence had not convinced him that the plaintiff’s so-called injury was caused by the collision cannot be pronounced erroneous as a matter of law.
It was a technical error for the trial court to allow a request that “the evidence compels a finding for the plaintiff, ’ ’ and then make the special finding of fact and find for the defendant. But we find this error was not harmful to the plaintiff. We believe that the judge in ruling that the evidence compelled a finding for the plaintiff meant that he found the defendant negligent, the plaintiff lawfully on the highway and free from contributory negligence and if there were any damage the plaintiff would be entitled to recover. This is clearly to be implied from the special *91 finding of fact in which he stated that the plaintiff “has not sustained the burden of proof by a fair preponderance of the evidence that the alleged injuries were caused by the collision.”
The erroneous ruling that the evidence compelled a finding for the plaintiff was rendered innocuous and immaterial by the special finding of fact. The special finding of fact supported and required the general finding for the defendant. Brodeur v. Seymour, 315 Mass. 527; Strong v. Haverhill Elec. Co., 299 Mass. 455; Indemnity Ins. Co. v. Paige, 299 Mass. 523, 528; Marquis v. Messier, 303 Mass. 553; Timmins v. Joslin Co., 303 Mass. 540.
There was no prejudicial error and the order must be— Report dismissed.
The defendant’s attorney in his brief, and both attorneys in their oral arguments, have urged us to dispose of two motions filed by the plaintiff in the District Court and there still pending undisposed of because of the death of the trial judge before he passed upon them. One was a motion to correct inconsistency in the record, as it is termed in docket entries, or motion to correct the findings, as it is called in the defendant’s brief.
Even if we have the power, in our discretion, to act upon these motions we believe it would be highly improper .to do so. Neither the original motions nor any copies of them are before us. No reference whatever is made to them in the Report.
These motions can properly be disposed of by the District Court. Mitsakos v. Morrill, 237 Mass. 29, 33.