No. 240515

## E. F. HUTTON & COMPANY, INC.

v.

## HELEN M. JOWERS NOURSE

Argued: Dec. 11, 1970 — Decided: Feb. 16, 1971

*Present:* Adlow, C. J., Morrissey, Canavan, J.J.
Case tried to *Lewiton, J.*

**Adlow, C. J.** Action of contract to recover the sum of $4,586.57. The plaintiff in its declaration alleges that the defendant ordered it to sell certain securities for her account, that the plaintiff executed the order and remitted the proceeds to the defendant but that the defend-

ant failed to deliver the securities which she had ordered to be sold.

*There was evidence that in 1964* the husband of the defendant passed away. In his estate were certificates representing 138 shares of common stock of Atlas Consolidated Mining and Development Corporation, hereinafter referred to as ''Atlas''. In the fall of 1964 the defendant spoke to one List, an agent of the plaintiff, and expressed a desire to have certain securities from the estate of her husband sold. Because the stock in ''Atlas'' could not be sold without first obtaining tax waivers from the Philippine Government, she had to postpone the sale of her shares in ''Atlas''.

*In August of 1966* the defendant sent her Atlas stock to the plaintiff with a request that the shares be divided between herself and her son for whom she would be trustee. The shares were sent to the transfer agents of the Atlas Corporation who complied with the request of the defendant and returned 69 shares in the name of the defendant and 69 shares in the name of the defendant as trustee for her son. Thereafter, tax waivers were received from the Philippine government. On *August 15, 1967* the defendant instructed the plaintiff to sell her 138 shares of Atlas. It was subsequently learned that *in 1964* there had been a recapitalization of Atlas stock at which time one new share of Atlas stock was given for 10 old shares. It did not appear that the plaintiff was aware of the ''one

for ten reverse split'', although the fact might have been ascertained by consulting ''Moody's Industrial Manual'' or other financial publications. On *December 18, 1967* the plaintiff sent the defendant a check for $3,476.55, the proceeds of which she still retains.

Shortly thereafter the plaintiff discovered that the shares owned by the defendant were far short of the number sold by her; and on *May 22, 1968* the defendant was advised by the plaintiff that in terms of new issue stock she had only about 16 shares of Atlas, this representing her old issue of 138 shares converted on a one for ten basis plus some stock dividends added thereto. Having complied with her order to sell 138 shares it became necessary to purchase the stocks necessary to make delivery. By letter dated May 22, 1968 the plaintiff made a demand on the defendant for $4,692.21 which represented the cost of the additional shares. In this action the plaintiff seeks to recover the sum which it was obliged to spend in order to complete the sale originally directed to be executed by the defendant.

At the close of the evidence the defendant requested the court to rule:

> ''That on all the evidence the court must find that the claim made grew out of a payment made by the plaintiff to the defendant with full knowledge of all the facts and if the sum was not due the mistake was brought about by the negligence of the plaintiff.''

In denying this request the court stated that:

> "Payment was made by the plaintiff to the defendant as a result of a mutual mistake of fact by the parties. I do not find any negligence on the part of the plaintiff in not discovering the error before the payment was made. The confusion was apparently caused by the transfer agent of the corporation which issued the stock involved in the case."

There was a finding for the plaintiff in the amount of $3,229.20, and being aggrieved by the rulings and the finding the defendant brings this report.

These findings of the court were amply supported by the evidence. At the time the defendant gave her order to sell 138 shares of Atlas to the defendant broker, she did not realize that she owned only a tenth of that number of shares. When the plaintiff complied with the request and sold 138 shares of Atlas stock it had a right to assume that the order concerned the Atlas stock currently being traded, and not the old issue which had been converted several years before. It follows that the defendant did not make the required delivery to the plaintiff of the stock which she instructed the plaintiff to sell in her behalf.

It should be noted at this time that if the shares of the original Atlas stock owned by

the defendant had been converted, as should have been done, she would have had the equivalent of 16 shares of new issue stock. A sale of these shares would have netted a sum approximating $410.00. Under these circumstances it is obvious that the check for $3,476.55 made by the plaintiff to the defendant represents a substantial overpayment. The sum represented by the overpayment was money to which the defendant had no legal or moral right and in equity and good conscience she had no right to retain it. *Lazell* v. *Miller,* 15 Mass. 207. *Appleton Bank* v. *McGilvray,* 4 Gray 518. *Quimby* v. *Carr,* 8 Allen 417, 419. *Commonwealth* v. *Haupt,* 10 Allen 38,45. *Merchant's Nat. Bank* v. *Nat. Eagle Bank,* 101 Mass. 281, 285. *Blanchard* v. *Low,* 164 Mass. 118, 121. *Gold Brand Conf. Inc.* v. *Dimick,* 276 Mass. 386, 389. *Brookline* v. *Crane Constr. Co.,* 285 Mass. 558, 562. *Indemnity Ins. Co.* v. *Paige,* 299 Mass. 523, 527.

The case of *Cary* v. *Fitzpatrick,* 301 Mass. 525, on which the defendant appears to rely, bears little resemblance to the cause under review. In the *Cary* case the parties were fully aware of the fact that a doubtful issue was involved and settled their claim on that basis. In the cause under review the mistake was not discovered until after the overpayment was made.

There was no error. **Report dismissed.**
DAVID B. CROSBY and
JAMES C. HEIGHAM,
  both of Boston
  for the Plaintiff
E. F. FAULKNER
    of Boston
for the Defendant